UNITED STATES of America

v.

**Betty DIMEO.**

**Civ. A. No. 19031.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Feb. 28, 1974.

John W. Stokes, Jr., U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Nancy S. Cheves, Jay E. Loeb, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

The United States has brought this suit against defendant on an alleged indebtedness of $7,429.30 plus interest. The basis for the alleged indebtedness is a series of Social Security payments made to defendant in her capacity as representative payee in behalf of her daughter Susan L. Foster. These payments were made monthly from November 1957 until May 1966. The monthly payments ranged from a low of $72.50 to a high of $93.20. The Social Security Administration contends that one of its regulations which is published at 20 C. F.R. § 404.1603 requires the return of these funds. Both parties apparently concede that if there is such an obligation it existed and was fully known to the Social Security Administration by December 5, 1966. As is required by Rule 8(c), Federal Rules of Civil Procedure, defendant raised as an affirmative defense in her answer that the suit is barred by a statute of limitations. 28 U.S.C. § 2415. This order will dispose of the motion to dismiss this suit as barred by that statute.

By passage of 28 U.S.C. § 2415, the Congress voluntarily imposed on the federal government a statute of limitations in most civil suits for money damages. Section (a) of the statute imposes a six-year statute of limitations on contract actions. Section (b) imposes a three-year statute of limitations on most tort actions and a six-year limitation on others. Section (c) of the statute provides: "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property." 28 U.S.C. § 2415(c). Section (g) of the statute provides that any right of action which accrued before the date of enactment of the statute (July 18, 1966) shall be deemed to have accrued on the date of enactment. As a result the six-year statute of limitations had no effect on any litigation prior to July 18, 1972, and the court has the benefit of only very limited previous judicial interpretation of this statute.

The defendant contends that this litigation is barred by this statute of limitations. Plaintiff contends that the subject matter of this suit falls within the exception found in section (c) of the statute.

More precisely the government contends that: "If defendant can properly account for the money and show that it was expended for Susan Foster's benefit, no repayment to the government would be necessary." Plaintiff's Memorandum of December 17, 1973. Thus the government seems to envision two possible results from trial of this case: (1) defendant will prove that the funds in question were properly spent on Susan Foster and thus will prevail on the merits, or (2) there will be a verdict for the United States based on a finding of fact that the funds were diverted to some other use by defendant. In section (b) of 28 U.S.C. § 2415 special provision is made for a six-year statute of limitations in certain specified classes of tort actions. The third of these classes is "an action to recover for diversion of money paid under a grant program". It appears to the court that this language is precisely applicable to the government's proposed theory of recovery in this case. Although the court would be most hesitant to agree with the defense's contention that the exception carved out of the statute by section (c) applies only in adverse possession litigation, the court can find no justification for extending the exception to include a

class of actions which are explicitly brought within the ambit of section (b) by the language of the statute. The most logical construction of congressional intent in passing this statute is that it was meant to protect exactly this type of potential defendant: one of millions of recipients of Social Security checks faced with a demand to produce evidence of the disposition of funds from a check for $72.50 received over 16 years previous to suit on an account which was terminated nearly eight years ago.

For the foregoing reasons, this action is dismissed as barred by the statute of limitations. 28 U.S.C. § 2415(b).