**Ardean BROWN, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. C–86–5822–CAL.**

United States District Court, N.D. California.

April 24, 1987.

Susan J. Balliet, East Palo Alto Community Law Project, East Palo Alto, Cal., for plaintiff.

Stephen L. Schirle, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER FOR SUMMARY JUDGMENT

LEGGE, District Judge.

### FACTS

Plaintiff Ardean Brown is the widow of Joseph L. Brown. In 1971 plaintiff, as the

mother of the deceased's son, became entitled to and applied for Retirement Survivor's Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. section 402(g). In the application, plaintiff agreed to comply with Social Security Administration regulations requiring annual income earnings reports which could affect the amount of her benefits. Plaintiff received benefits until 1981, when her son turned 18. Plaintiff has a 6th grade education and is a full-time school bus driver.

During the years at issue, defendant allegedly overpaid plaintiff a total of $4,691.20 because plaintiff repeatedly failed to comply with the Social Security Administration's ("SSA") annual report of earnings requirement. A review of plaintiff's tax returns for the years at issue alerted the SSA to discrepencies between plaintiff's reported estimated earnings and her actual earnings. The SSA then instituted proceedings to recover the excess benefits paid.

## PROCEDURAL HISTORY

Plaintiff appeals the SSA's November 15, 1985 decision that it overpaid plaintiff $4,691.20 for the years 1975 and 1978–1981. On reconsideration, the SSA found that the amount of overpayments was correct and that plaintiff was not entitled to a repayment waiver. Administrative Law Judge ("ALJ") H. Jarvis Turner held a de novo hearing on March 10, 1986. On April 11, 1986, ALJ Turner made the following findings:

1. The claimant was during the period of dispute with the Secretary an otherwise eligible person for Mother's benefits and in behalf of her son Child's benefits until the child reached age 18.

2. The claimant was overpaid the sum of $4,691.20 as a result of the underreported or unreported earnings in 1975, and 1978 through 1981.

3. Recovery would defeat the purposes of Title II but would not be against equity and good conscience as defined under Regulations 4.

4. The claimant was not without fault in generating the overpayment.

It is the decision of the Administrative Law Judge that the claimant, Ardean Brown, was overpaid the sum of $4,691.20 on the earnings records of Joseph L. Brown, that the recovery cannot be waived for the periods of 1975, 1978, 1979, 1980 and 1981.
Court Transcript, 15–16.

On August 8, 1986, the Appeals Council upheld ALJ Turner's decision. The Appeals Council further rejected plaintiff's statute of limitations/laches argument, and found that the worksheets relied upon by the SSA in determining plaintiff's overpayment liability were accurate and not contradictory. This became the final decision of the Secretary, and plaintiff then filed this suit.

The parties have now filed cross-motions for summary judgment before this court. After having considered the transcript, the pleadings, the arguments of counsel and the applicable authorities, this court concludes that the Secretary's decision was supported by substantial evidence and the law, and that summary judgment must be entered against plaintiff.

## ISSUES FOR REVIEW

The parties' motions disagreed as to the issues before this court. Plaintiff contended that the issues to be decided were as follows:

1. whether or not the government has sustained its burden of introducing substantial evidence in this record, sufficient to establish that the plaintiff was overpaid [in 1972, 1973, 1975, and 1978—1981] and if so, substantial evidence to support the claimed amount; and

2. whether statute of limitations, rules of administrative finality, laches, or due process should apply to bar the government's claim.
Plaintiff's Reply, p. 2.

Defendant, on the other hand, characterized the issues as follows:

whether there is substantial evidence to support the final decision of the Secretary of Health and Human Services that plaintiff was overpaid $4691.20 in Title II

mother's insurance benefits for 1975, 1978, 1979, 1980 and 1981, and that recovery of that overpayment could not be waived. 42 U.S.C. section 404; 20 C.F.R. section 404.501 *et seq.* (1986).

Defendant's Memo in Support of S.J. and Oppos to Plaintiff's Motion for S.J., p. 1.

In her Reply brief, plaintiff conceded the issue of her fault and waiver which arises under 42 U.S.C. section 404(b).[1] Moreover, overpayments for 1972 and 1973 were not at issue in plaintiff's administrative hearing.

Hence, the remaining issues are (1) whether the existence and amount of overpayment for 1975 and 1978—1981 were supported by substantial evidence, and (2) whether the Appeals Council failed to apply the proper statute of limitations or laches to bar administrative recovery.

## STANDARD OF REVIEW

The Social Security Act provides that, "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ..." Hence, this court cannot conduct a de novo review of the facts. It must defer to the Secretary's decision if there is substantial evidence and if the proper legal standards were applied. *Miller v. Heckler*, 770 F.2d 845 (9th Cir.1985).

Substantial evidence " 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir.1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Reading the record in the light of these standards, this court concludes that the Appeal Council's decision is supported by substantial evidence.

## SUBSTANTIAL EVIDENCE

 On February 21, 1986, plaintiff sent a letter to ALJ Turner as a request for production "of all negotiated checks claimed as the basis for alleged overpayments" (Tr. 118). ALJ Turner responded with a letter dated February 25, 1986 which denied plaintiff's request since the receipt of the checks were not at issue. ALJ Turner suggested that plaintiff direct their request to the District Office should she wish to pursue it further. Plaintiff did not attempt to do so. Instead, plaintiff renewed the motion at the March 10, 1986 hearing, and ALJ Turner again denied it. ALJ Turner noted that plaintiff had never denied that she got the money. The issues he focussed on were (1) how plaintiff's underreported and unreported earnings in 1975 and 1978—1981 affected her entitlement to benefits, and (2) would it be unfair to make plaintiff repay the overpayments. (Tr. 24).

Plaintiff focusses on two worksheets (Tr. 53, 100–101, exhibits 1 and 20) which variously show the benefits paid, the benefits which should have been paid, her estimated earnings, and her actual earnings. These worksheets were incorporated in the waiver determination of L. Brown, and SSA recovery reviewer for the purpose of explaining plaintiff's overpayments to her. Tr. 100, Exhibit 21. Plaintiff contends that these worksheets are hearsay and inconsistent, and therefore unreliable evidence of plaintiff's alleged overpayments. However, the Federal Rules of Evidence are not applicable in Social Security Claims. 42 U.S.C. section 405(b)(1); 20 C.F.R. section 404.950(c) (1986). Moreover, defendant explains that although the disputed worksheets may appear to be facially inconsistent, they are in reality consistent. The alleged discrepancies reflect different methods of accounting for benefits due in one year but paid in another, and different ways of showing penalties for failure to report income in years not at issue.

Plaintiff further argues that defendant's failure to produce the underlying negotiated checks amounts to a violation of plain-

---

**1.** The text of 42 U.S.C. 404(b) states as follows:

**No recovery from persons without fault**

In any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

tiff's due process rights to defend herself. Nevertheless, whether plaintiff received the underlying benefit checks was not an issue before the SSA.

Defendant has also produced substantial and uncontested evidence of plaintiff's relevant earnings from their files (Tr. 54–58, exhibit 2).

Based upon the substantial evidence, the court affirms the SSA's final determination that plaintiff received overpayments of $4,691.20.

## STATUTE OF LIMITATIONS AND LACHES

■ The court has also considered plaintiff's arguments of administrative finality, statute of limitations, and laches. These arguments are premised on plaintiff's analysis that "the initial notice of determination" which triggers the administrative finality limitations period (20 C.F.R. 404.-988(b)—4 years), the general contract statute of limitations (28 U.S.C. section 2415(b), and/or laches, occur when plaintiff receives her benefits check. Plaintiff cites no authority for this analysis other than 20 C.F.R. Section 404.902(c), which includes determinations setting "the amount of your benefits" under the definition of "initial determination." Defendant disagrees that an "initial determination" that plaintiff was being overpaid due to her failures to accurately report her earned income could be made at the time plaintiff is sent her benefit check. This court agrees with defendant. A determination of overpayment does not constitute a reopening of a prior determination within the meaning of 20 C.F.R. section 404.988. Rather, determination of an overpayment is an initial determination subject to administrative and judicial review pursuant to 20 C.F.R. 404.902. In the instant case, each time plaintiff received each check should not trigger another statute of limitations. Surely, defendant cannot be expected to determine that plaintiff has been misreporting or failing to report her earned income at the time they send her a check. The SSA cannot be expected to know that plaintiff was misreporting her earned income prior to evaluating plaintiff's tax forms.

Moreover, plaintiff's alternative argument that the defendant should have known about the bulk of the overpayments at the time the 1975 worksheet (exhibit 1) was prepared is wrong. Plaintiff's actual earnings for 1975 could not have been known at that time, and the overpayments and underpayments for the preceeding years are not at issue here.

This court also rejects plaintiff's new contention that the SSA secretly offset plaintiff's overpayments for 1972 and 1973. Evidence in the record of the correspondence and contacts between plaintiff and the SSA regarding these prior overpayments and penalties do not support plaintiff's new allegation.

■ Plaintiff cites *U.S. v. Dimeo*, 371 F.Supp. 95 (N.D.Georgia 1974) as applying the 28 U.S.C. section 2415(b) six year statute of limitations. However, *Dimeo* is distinguishable on several grounds. First, both parties *agreed* that the existence of the obligation to repay "was fully known to the Social Security Administration by December 5, 1966." *Dimeo* at 96. The court held that the statute of limitations would be triggered as of that date. Second, *Dimeo* and the instant case is that *Dimeo* concerned the recovery of benefits which were allegedly misapplied by a designated payee. The district court applied 28 U.S.C. section 2415(b) because it expressly provided for a six-year statute of limitations on "an action to recover for diversion of money paid under a grant program." The district court also pointed out that 28 U.S.C. section 2415(c) more generally states: "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property." Hence, that statute of limitations does not apply in the instant case, where the issue is how much plaintiff was overpaid, and not whether she misused her payments.

■ Because plaintiff has conceded the SSA's determination that she is at fault for failure to accurately report her earned income, the equitable doctrine of laches will

not apply. 42 U.S.C. Section 404(b), and 20 C.F.R. 404.507.

There is no basis upon which to bar defendant's recovery of plaintiff's overpayments due to an administrative finality, statute of limitations or laches argument.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied,

IT IS SO ORDERED.