Hazel TOTTEN, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and
Welfare, Appellee.

No. 78–1204.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 6, 1979.

Decided April 30, 1980.

Dennis W. Carroll, Baltimore, Md. (Dennis M. Sweeney, Administrative Law Center, Legal Aid Bureau, Inc., Baltimore, Md., on brief), for appellant.

Natalie R. Dethleff, Dept. of HEW (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WIDENER and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Claimant, Hazel Totten, appeals from an order of the district court affirming a final decision of the Secretary of Health, Education and Welfare denying her disability insurance benefits. Since the Administrative Law Judge's (ALJ) decision is premised on an incorrect statement of the standard of disability, we vacate the judgment of the district court and remand the case to the Secretary for further proceedings consistent with this opinion.

Totten is 53 years of age. She was employed as a bookkeeper for seven years until 1963. She was then unemployed for five years due to an injury received in a fall. That injury to her right arm and neck required surgery on her elbow and neck. She worked from 1968 to 1974, alternating "four-hour" and "two-hour" days at a cafeteria. She has worn a neck brace since 1964 and has also been bothered by back trouble since that time. All of the medical testimony indicates that Totten's injuries are permanent and severe. The evidence was conclusive and the ALJ found that she could not perform any work requiring lifting, significant amounts of bending, stooping, pushing or pulling, or long standing or walking, and that she was prevented from performing work requiring her to use her

arms above shoulder level on a continuous basis. One of the doctors stated she would be capable of performing some type of light work if such work were available. A vocational expert testified that she could return to her former work as a bookkeeper or accounting clerk and stated that a number of such jobs existed in the area where Totten lives. The testimony of Totten, lay witnesses, and doctors established that she experiences muscle spasms approximately every two weeks causing headaches and dizziness, and that this usually lasts for a period of three days. She sometimes "passes out" as a result of this condition.

Totten contacted Vocational Rehabilitation but was told that they were unable to find work which she could perform. She also applied to Social Services, which was also unsuccessful in finding employment for her. The ALJ stated in his evaluation of the evidence "that the claimant in this case is well motivated as evidence by her attempts to secure light work as well as by her contact with Vocational Rehabilitation and Social Services. Unfortunately, however, the claimant was unable to procure the type of work within her limitations."

The ALJ also acknowledged that there are possible transient periods when the claimant would be prevented from performing any type of work because of the periodic pain and discomfort she experiences, but nonetheless concluded that Totten failed to establish a disability as that term is defined by the Act. In evaluating the evidence, the ALJ stated:

> While it is recognized and acknowledged that there are possible transient periods wherein the claimant would be prevented from performing any type of work because of the pain and discomfort she experiences, the overall medical evidence of record indicates that her condition is not so severe so as to prevent her from performing the types of jobs described by the Vocational Expert for a *continuous period* of at least 12 months. Since the medical evidence fails to establish that the claimant was under a disability for at least 12 consecutive months, it cannot be determined that she is under a disability as that term is defined in the Act. . . . (emphasis ours).

He found:

> The overall evidence of record fails to establish the presence of a medically determinable physical or mental impairment or combination of impairments of such degree or severity which would prevent the claimant from performing some type of substantial gainful activity for any *continuous period* which has lasted or which could be expected to last for at least 12 months. (emphasis ours).

The Social Security Act, 42 U.S.C. § 423(d)(1)(A) defines "disability" as the "(1) inability to engage in any substantial gainful activity by reason of (2) any medically determinable physical or mental impairment (3) which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."[1] *See Yawitz v. Weinberger*, 498 F.2d 956 (8th Cir. 1974).

█ The "continuous period" language of § 423(d)(1)(A) does not require a claimant to show an inability to engage in any substantial gainful activity every day of his existence. An individual does not have to be totally helpless or bedridden in order to be found disabled under the Social Security Act, *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976); *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir. 1964), otherwise, the abili-

---

1. For the purposes of that paragraph "an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). *See also*, 42 U.S.C. § 416(i)(1).

ty to perform substantial gainful activity even one day each month or each year would disqualify an individual for benefits.

■ There is no dispute concerning any of the evidence in this case. Totten is unable to do heavy work. There is no question but that Totten could sometimes, and perhaps during a majority of the time, perform light duty as described by the vocational expert. It is undisputed, however, that her medical impairments cause her to become incapacitated for periods of three days during every two weeks, and that such impairments and their effects are expected to last at least 12 months. The ultimate question then is whether this sporadic incapacity prevents her from performing any substantial gainful activity within the meaning of the Social Security Act. The ALJ erroneously ruled as a matter of law that Totten's inability to perform any substantial gainful activity three days out of every ten does not establish a continuous period of disability. This misstatement of the appropriate standard of disability foreclosed the necessary specific findings concerning the effect of the three day period of total disability on her ability to work during the remaining portion of the two week period. The ALJ must consider this question and make specific findings on whether Totten's intermittent incapacity constitutes an inability to perform any substantial gainful activity.

The Court has defined what constitutes substantial gainful activity as:

activity from which something gainful, with some degree of regularity should be inferred . . . [and when] a person's activity may be frequently or transitorily restricted, [it] cannot be the premise for a finding of ability to engage in any substantial gainful activity. *Wilson v. Richardson*, 455 F.2d 304, 307 (4th Cir. 1972), *quoting Ellerman v. Flemming*, 188 F.Supp. 521 (W.D.Mo.1960).

Similarly, we recently quoted with approval *Prevette v. Richardson*, 316 F.Supp. 144 (D.S.C.1970), defining substantial gainful activity as the "performance of substantial services with reasonable regularity in some competitive employment or self-employment." *Cornett v. Califano*, 590 F.2d 91, 94 (4th Cir. 1978).

The Eighth Circuit also recently defined substantial gainful activity as that "which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training and experience; . . . the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on what is conceivable . . .." *Yawitz, supra*, at 959–60. Again, in this type case specific findings should be made concerning the nature and extent of the transient disability, and whether it precludes the performance of any substantial gainful activity with reasonable regularity.

For the foregoing reasons, the judgment of the district court is reversed with directions to remand to the Secretary for reconsideration and for explicit findings of fact and conclusions of law under the proper disability standard.

*REVERSED AND REMANDED.*