Dorothy M. RIGGLE, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 85–1699.

United States District Court, W.D. Pennsylvania.

Jan. 14, 1987.

Lucinda A. Bush, Washington, Pa., for plaintiff.

Barbara M. Carlin, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff appeals from the decision of the Secretary denying her Social Security Disability benefits. The parties have filed cross motions for summary judgment and there are no disputed issues of material fact. For the reasons stated below, we reverse.

Plaintiff is now 55 years old. She is a high school graduate and has worked as a retail sales clerk and a receiving clerk, most recently in 1975.

Plaintiff previously applied for disability benefits in 1975 but the claim was denied and plaintiff did not pursue administrative or judicial review. The present claim was made in July, 1984.

Plaintiff has suffered from asthma since childhood, and is prescribed prednisone to control it. Plaintiff also suffers from hypertension, glaucoma, diabetes and severe coronary artery disease which necessitated double by-pass surgery in October, 1983. Finally, plaintiff has experienced periodic ulcerous skin lesions on her legs, apparently due to the long term steroid treatment for asthma.

Plaintiff enjoyed insured status under the Act until December 31, 1980. Therefore, in order to be eligible for benefits, plaintiff must establish disability which began prior to December 31, 1980.

Although plaintiff suffered from asthma, hypertension, diabetes and glaucoma prior to December 31, 1980, all of these conditions appear to have been controlled by medication at that time. Plaintiff bases her claim principally on the recurrent ulcerous lesions which occurred prior to December 31, 1980.

In September, 1978 plaintiff was hospitalized for several ulcerous skin lesions on her legs. She was released after 2 weeks with instructions to elevate the leg. Subsequently, plaintiff fell, cutting her leg creating a new lesion which required hospitalization from 1/15/79 to 1/26/79 and a skin graft. Plaintiff's physician then followed her condition in office visits, indicating further problems in 1979, but proclaiming her fully healed in August, 1979. In November, 1979 plaintiff was again hospitalized for an ulceration on her left leg. This lesion was healed by late January, 1980. In July of that year plaintiff suffered another lesion which persisted until November, 1980.

Plaintiff's treating physician, Allen Merzi, M.D., describes this condition and its treatment in a report dated 1/17/85:

> The patient suffers from 2 problems involving the skin of her lower extremities. The first is chronic steroid treatment which thins out the skin and causes it to be tissue like in structure which allows it to tear and ulcerate with the slightest excoriative contacts. She also has venous insufficiency which causes scarring and reduced vascularization to the skin which does not allow it to heal in a normal fashion. When Mrs. Riggle's legs become ulcerated we have required her to be off her feet for prolonged periods of time with feet elevation to help treat the venous insufficiency component of this problem.
>
> ... While the patient was being treated in the hospital and while she was being seen in our office she was requested to stay off her feet as much as possible and keep her feet elevated as much as possible during that entire time frame. (Trans. at 298).

As seen in the chronology given above, plaintiff experienced several episodes of ulcerous skin lesions during the period 9/78

to 12/80. Each episode required several months of healing during which plaintiff was under doctor's orders to stay off her feet and elevate her legs as much as possible.

The Secretary does not counter or deny any of the facts described above. Rather the Secretary rested her decision on the premise that because plaintiff's ulcerous conditions were episodic, they did not result in disability for a continuous 12 month period as required.

 To satisfy the duration requirement a claimant need not demonstrate that he or she is disabled each and every day of the period. The ability to perform intermittent work, or even to work the majority of the time, will not disqualify a claimant from benefits. *Martonik v. Heckler*, 773 F.2d 236, 239 (8th Cir.1985) (Although plaintiff was at times "almost like a normal person," the intermittent flareups of her lupus-like disease rendered her disabled); *Totten v. Califano*, 624 F.2d 10 (4th Cir. 1980) (back injury which disabled plaintiff for several days every two weeks satisfied duration requirement); *Sabulsky v. Schweiker*, 570 F.Supp. 1085 (E.D.Pa.1983) (plaintiff's gout caused plaintiff to be unable to work a week in each 2–3 month period); *Barats v. Weinberger*, 383 F.Supp. 276, 284 (E.D.Pa.1974) (plaintiff able to do sedentary work on some days but not with regularity); see also, *Smith v. Califano*, 637 F.2d 968 (3d Cir.1981) ("sporadic or transitory activity does not disprove disability").

 Plaintiff suffers from vascular insufficiency in her legs and a weakened condition of the skin due to sterodial medication. This condition existed without abatement for the entire relevant period. Periodically, as a result of this condition, ulcerous lesions developed which required great care, severe restrictions on standing and ambulation and constant elevation of the affected limb. On two occasions the lesions required hospitalization and skin grafts.

There is no 12 month period between 9/78 and 12/31/80 when plaintiff was free of the lesions and the restrictions imposed by her doctors. Just because she has not had ulcerous sores continuously for one year does not mean she is capable of substantial gainful employment.

Plaintiff's condition, and particularly the restrictions on activity necessary to successfully manage that condition, disabled plaintiff from all substantial gainful activity for a period beginning September, 1978 and continuing through December, 1980. The excellent report of Dr. Merzi, his office notes and the hospital records permit only this one conclusion.

The Secretary erred in the application of the duration requirement to plaintiff's claim and the decision of the Secretary will therefore be reversed and benefits awarded to plaintiff.