Barbara S. BATTS, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 92–296–CIV–5–BO.

United States District Court, E.D. North Carolina, Raleigh Division.

March 25, 1993.

---

Cynthia M. Currin, Crisp, Davis, Schwentker, Page, Currin & Nichols, Raleigh, NC, for plaintiff.

R.A. Renfer, Jr., Asst. U.S. Atty., Raleigh, NC, for defendant.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Plaintiff Barbara Batts applied on July 8, 1985 for supplemental security income benefits pursuant to Title XVI of the Social Security Act, contending that she had been rendered disabled by a combination of medical impairments, including a deformity in her left leg and ankle, arthritis, diabetes, hypertension, a heart condition, hiatal hernia, back problems, diminished grip strength, and depression. Ms. Batts' application was denied after a hearing by an Administrative Law Judge on June 12, 1991. Her request for review was denied by the Appeals Council on February 26, 1992, and she filed the instant action seeking judicial review of the Secretary's denial of her claim on April 24, 1992.

Ms. Batts' complaint challenges the ALJ's denial of disability on the grounds that the decision is not supported by substantial evidence, and that the ALJ made errors of law in determining the weight to give certain evidence in the record. She requests that the court reverse the ruling of the secretary and direct an award of benefits, or in the alternative that the court remand the case for a rehearing. After defendant's answer was filed, Ms. Batts filed a motion for judgment on the pleadings on September 8, 1992. Defendant did not respond to this motion.

The bases for plaintiff's motion for judgment on the pleadings are her contentions that the Administrative Law Judge's decision denying benefits is not supported by substantial evidence, that he failed to give great weight to the opinion of Ms. Batts' treating physician, and that he improperly relied on the opinion of a vocational expert given in response to a hypothetical question which did not include all of claimants' impairments. The court agrees that the ALJ committed these errors, and that therefore his decision denying disability should be reversed.

Under Fourth Circuit precedent, "the opinion of a claimant's treating physician

shall be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Wilkins v. Department of Health and Human Services,* 953 F.2d 93, 96 (4th Cir.1991). In the case at bar, Ms. Batts' treating physician at Wake Medical Center, Dr. Donna Parker, prepared a report of medical examination for Ms. Batts in August of 1990 in which she found that Ms. Batts' work capacity was "None." The ALJ acknowledged this report in his decision, but discounted it, noting that

the claimants own testimony, earlier statements, and the statements to her attending physician, Dr. Zeller, calls into question the opinion of Dr. Parker in her report dated August 10, 1990. In addition, the claimant, herself, reported on July 11, 1990 less than one month before Dr. Parker's report, that she fixed her own meals and that she did her own housework.

After reviewing the evidence cited by the ALJ, the court holds that it is insufficient as a matter of law to permit the ALJ to discount Dr. Parker's opinion as the treating physician.

The first evidence referred to by the ALJ as contradicting Dr. Parker's evaluation is plaintiff's testimony about her ability to do household chores. When asked whether she could do housework, Ms. Batts responded, "I does that some too but I have to do it slowly, slowly at a time." She testified that she was unable to mop or sweep, that she could run the vacuum cleaner only with some pain, and that she is unable to wash dishes without breaking them. She also said that she was unable to hang out clothes or do yard work. From this testimony, the ALJ concluded that Ms. Batts' "activities are inconsistent with the claimant's allegations of atypical chest pain, left leg and foot pain, right shoulder pain, back pain, and shortness of breath, which precludes her from performing any substantial gainful activity."

■ The court cannot agree with the ALJ that Ms. Batts' testimony about her limited ability to perform household duties in any way undercuts her claims of disability. It is not necessary to a finding of disability that a claimant be totally incapacitated; she need only show that her abilities are not sufficient to allow her substantial employment opportunities. *Totten v. Califano,* 624 F.2d 10 (4th Cir.1980). Ms. Batts' testimony is therefore not at all inconsistent with the evaluation of her treating physician, and cannot be a proper basis for discounting the conclusions in Dr. Parker's report.

Dr. Parker's other statements in the record also do not constitute "persuasive contradictory evidence" that would warrant rejecting her conclusions about Ms. Batts' impairments. Dr. Parker's notations in the August 1990 that Ms. Batts had a normal gait and posture and an American Heart Association Class I functional capacity do not contradict the conclusion that Ms. Batts impairments, when taken together, give her a work capacity of "None."

Moreover, Dr. Parker's report of January 7, 1991 noted that plaintiff's medical problems "prohibited her from performing duties requiring more than mild exertion," that "her asthma and chest discomfort seem to be exacerbated with exertion, and her osteoarthritis in the left foot prohibits prolonged standing." Far from contradicting Dr. Parker's assessment of Ms. Batts capacity, each of these observations would support the proposition that Ms. Batts is incapable of many employment tasks.

Based upon this reading of the record, the court holds that the ALJ erred in disregarding Dr. Parker's opinion in the absence of contradictory evidence.

■ In addition to this error, plaintiff contends that the ALJ erred in relying on testimony of a vocational expert given in response to a hypothetical question which did not include all of her impairments. At the hearing, the ALJ asked the vocational expert to assume the claimant's age, education and work experience, along with a residual functional capacity of light work further limited by an inability to tolerate pulmonary irritants, a prohibition from "prolonged walking or standing or climbing of ladders or steps or ... such things over a significant period of time." In response to this hypothetical, the vocational expert listed a number of jobs available in the national and regional economy.

The ALJ then asked the expert to assume a capacity for sedentary work, and asked whether the range of available jobs would be limited by the requirement that Ms. Batts avoid exposure to fumes, dust and other pulmonary irritants. The vocational expert's opinion was that the range would not be significantly limited.

Finally, the ALJ asked the vocational expert to assume that Ms. Batts suffered from all the limitations and impairments to which she had testified, and asked whether any jobs would be available. The vocational expert replied that "she's not engaging in any activities that would make me think, at this time, that she could work, based on her comments."

> This court has held that
>
> [i]t is inappropriate for the ALJ to base his decision that 'jobs exist in significant numbers in the national economy which the claimant can perform despite the limitations produced by her impairments', on an expert's response to the ALJ's hypothetical question which contains elements unsupported by the evidence in the case. The error is exacerbated [when] ... the expert's opinion was favorable to plaintiff when based on the testimony that was admitted in the hearing and was in no way controverted.

*Edwards v. Bowen,* 672 F.Supp. 230 (E.D.N.C.1987). Here the first two hypothetical questions posed by the ALJ do not take into account a number of Ms. Batts' claimed impairments, including an inability to sit for long periods, hypertension, diminished grip strength, and constant pain in her legs. There was evidence of each of these limitations in the record, but the ALJ discounted them in forming his hypothetical question without giving any reason for doing so. Under the circumstances, the court concludes that the ALJ erred in relying on the testimony of the vocational expert in response to incomplete hypothetical questions.

██ Having found that the ALJ made errors of law in his decision in this case, the court may enter a judgment reversing the defendant's disability determination or remanding for further proceedings. *See* 42 U.S.C. § 405(g). Defendant has moved for judgment remanding the cause for further proceedings under sentence four of 42 U.S.C. § 405(g) because

> [t]he secretary believes remand would be appropriate ... to further develop the question of plaintiff's residual functional capacity, to obtain consultative examinations with an internist and an orthopedist, to further develop the issue of plaintiff's non-compliance with prescribed treatment ... to obtain further opinion from plaintiff's treating physician, to further evaluate plaintiff's subjective complaints, and to obtain supplemental vocational expert testimony.

The court declines to remand this case for further proceedings. Plaintiff produced sufficient evidence to show that she was unable to perform her past relevant work, and defendant failed after ample opportunity to present sufficient evidence to carry its burden of proving she could perform a significant number of jobs in the national economy. Her treating physician, whose opinion is to be afforded great weight, has given an opinion that she has no capacity to work, and the vocational expert's opinion when based on plaintiff's testimony confirms plaintiff's inability to work. Under these circumstances, there is sufficient evidence in the record to support a reversal of the Secretary's disability finding, and no purpose would be served by remanding for further factual development.

The Secretary's finding of no disability is hereby REVERSED, and the Secretary is directed to award plaintiff supplemental security benefits accordingly.

SO ORDERED.