990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ofelia S. MILLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-56351.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1993.*
Decided April 8, 1993.
 
 Before WALLACE, Chief Judge and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On January 6, 1989, Ofelia Miller filed an administrative claim for disability benefits with the Social Security Administration ("the Secretary").[1] After the Secretary denied her application, she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Miller had hypertension and chronic strain/sprain of the thoracic and lumbrosacral spine regions and was being treated for fluctuating glaucoma. However, the ALJ determined that Miller's testimony was not generally credible; her assertions with respect to additional non-exertional limitations due to pain were not supported by the record as whole; her hypertension was under control; and her glaucoma was controlled and did not cause her significant visual impairments. Therefore, despite her impairments, the ALJ concluded that Miller retained the capacity to perform her past relevant work as an electronics assembler, as well as to perform a full range of light work activities.[2]
 
 
 3
 Miller requested review by the Appeals Council. The Appeals Council considered additional evidence submitted with her request for review but concluded that the weight of the evidence in the record before it supported the ALJ's findings and conclusions. Miller then filed a complaint in federal district court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the Secretary's decision. On cross-motions for summary judgment, the district court granted the Secretary's motion, finding that the Secretary's determination that Miller retained the residual functional capacity to perform her past relevant work as an assembler was supported by substantial evidence.
 
 
 4
 Miller filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 5
 * We review de novo the district court's grant of the Secretary's cross-motion for summary judgment. Miller v. Heckler, 770 F.2d 845, 847-48 (9th Cir.1985). The question before the court is whether the Secretary's denial of Miller's claim is supported by substantial evidence in the record and whether the Secretary properly applied the law. Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990). "Substantial evidence means that a finding is supported by more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cox v. Califano, 587 F.2d 988, 989-90 (9th Cir.1978) (internal quotation omitted). Miller bears the initial burden of establishing disability by showing that impairments prevent her from engaging in any of her previous occupations. Sanchez v. HHS, 812 F.2d 509, 511 (9th Cir.1987). However, once a claimant establishes a prima facie case of disability by showing that a physical or mental impairment prevents her from engaging in any of her previous occupations, the Secretary then has the burden of proving that the claimant can engage in other types of substantial gainful work which exists in the national economy. Gonzalez v. HHS, 784 F.2d 1417, 1419 (9th Cir.1986).
 
 II
 
 6
 Miller worked as an electronics assembler for three years, from 1977 to 1980. She was trained in electronics assembly at a regional occupational center and received certification as an assembler. She testified that she could read color codes, schematics, and blueprints. Based on these facts, as well as testimony from a vocational expert, the ALJ determined that Miller's past relevant work included electronics assembly work.
 
 
 7
 Social Security regulations indicate that "past relevant work" is work experience that was done within the last fifteen years, lasted long enough for the claimant to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565. The regulations also indicate that if a claimant is unable, because of impairment, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that the claimant is not working at substantial gainful activity level. 20 C.F.R. § 404.1573(b).
 
 
 8
 Miller's experience as an assembler was within the last fifteen years and there was substantial evidence that she had learned the requisite skills. Miller claims, however, that she was unable to do the work satisfactorily. Miller testified that she never held an assembly job for more than three months. She claims that problems with her eyesight caused her to make mistakes that resulted in her being discharged by several employers. Thus, Miller contends that assembly work was not substantial gainful activity and therefore cannot constitute past relevant work.
 
 
 9
 The cases cited by Miller in support of her contention that her assembly work experience cannot constitute past relevant work are inapposite. Those cases stand for the proposition that "the ability to work only a few hours a day or to work only on an intermittent basis is not the ability to engage in 'substantial gainful activity.' " Kornock v. Harris, 648 F.2d 525, 527 (9th Cir.1980) (internal quotation omitted); see Totten v. Califano, 624 F.2d 10, 12 (4th Cir.1980); Cornett v. Califano, 590 F.2d 91, 94 (4th Cir.1978); Cox, 587 F.2d at 988; Wilson v. Richardson, 455 F.2d 304, 307 (4th Cir.1972). None of these cases attempt to define "past relevant work." Moreover, Miller has not presented any evidence that her activity was frequently or transitorily restricted, see Wilson, 455 F.2d at 307, or that her assembly work was slight work of an irregular spasmodic character subject to frequent interruptions because of disabling attacks. See Kornock, 648 F.2d at 527; cf. Totten, 624 F.2d at 11-12 (claimant experienced muscle spasms every two weeks causing headaches and dizziness lasting three days).
 
 
 10
 The vocational expert, Dr. Torrez, testified that Miller's assembly work constituted past relevant work. As noted above, Miller was trained and certified and testified as to her skills. In addition, Dr. Torrez noted that most electronics assembly jobs require that applicants pass a test to show their competency in color codes and that Miller was able to procure jobs. Thus, there is substantial evidence in the record to support the ALJ's conclusion that Miller had performed past relevant work as an assembler.[3]
 
 III
 
 11
 Miller contends that, even if electronics assembly work constitutes her past relevant work, her loss of vision, as well as her other impairments, precluded her from performing that work. As the ALJ noted, Miller was diagnosed by Dr. Chula, and upon his death by Dr. Schnur, with fluctuating glaucoma and had complained of loss of vision. Nonetheless, substantial evidence, including the report from Dr. Chula and Dr. Schnur, supports the finding that her visual acuity with correction was essentially normal and that her condition was controllable. Cf. Curry, 925 F.2d at 1131.
 
 
 12
 Miller also contends that her hypertension may cause her dizziness. However, as the district court pointed out, "[t]here is no evidence that such alleged dizziness significantly restricts [Miller's] functional capacity." In addition, Miller contends diuretic medication prescribed for her hypertension causes frequent urination. The vocational expert testified, however, that Miller's asserted need to urinate once an hour during half the day would not prevent her from performing assembly work. Nor has Miller presented evidence that the stress of assembly work would aggravate her hypertension.
 
 
 13
 Miller bears the burden of proving that her impairments are disabling. Miller, 770 F.2d at 849. She produced no evidence that her hypertension or any other physical or mental condition impaired her ability to do assembly work. We conclude that there is substantial evidence in the record to support the ALJ's conclusion that her impairments did not preclude Miller from performing her past relevant work as an electronics assembler.[4]
 
 IV
 
 14
 The district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 On April 28, 1987, the Secretary had denied an earlier claim for benefits. Miller did not appeal that denial
 
 
 [2]
 Miller has received a favorable ruling on a subsequent application for disability benefits. Our decision is based upon the record accompanying her application filed January 6, 1989. We express no opinion on the merits of any subsequent application
 
 
 [3]
 Moreover, the ALJ's finding that Miller's visual impairment did not preclude her from performing assembly work, discussed below, supports the conclusion that her glaucoma had not prevented her from satisfactorily performing such work
 
 
 [4]
 Because we conclude that the ALJ did not err in determining that Miller could perform her past relevant work, we do not reach her contention that the ALJ's determination that she could do a full range of light work was not supported by substantial evidence or her contention that the Secretary did not show that Miller could engage in other types of substantial gainful work which exists in the national economy. See Miller, 770 F.2d at 850