57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Tim RILEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-1797.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 24, 1995.
Decided: June 16, 1995.
 
 Before HALL, WILKINS, and LUTTIG, Circuit Judges.
 Rose A. Cyrus, Huntington, West Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services, Philadelphia, PA; Rebecca A. Betts, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, WV, for Appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 OPINION
 PER CURIAM:
 
 
 1
 Tim Riley ("Claimant") appeals from an order of the district court affirming the Secretary's denial of his claim for Supplemental Security Income ("SSI"). Because we conclude that the Secretary erred in his evaluation of the claimant's disability in two respects, we vacate the judgment of the district court and remand the case with instructions to return it to the Secretary for further proceedings.
 
 
 2
 Claimant is forty years old, has a ninth grade education, and formerly worked as a construction laborer and car wash attendant. In or about October 1988, Claimant filed an application for Social Security Disability Insurance ("SSDI"), alleging that he had been disabled since 1983 as a result of several ailments. His claim was denied initially and upon reconsideration. Claimant did not further pursue this claim.
 
 
 3
 Subsequently, on June 12, 1989, claimant filed his current application for SSI, alleging the same disabilities as his initial claim. This claim, too, was denied initially and upon reconsideration. The Claimant then requested a hearing before an administrative law judge ("ALJ").
 
 
 4
 At the hearing, the Claimant established, through medical evidence, his own testimony, and the testimony of his wife, that he suffers from a history of fractured vertebrae, depression, borderline intellectual functioning, and mental impairments. In addition, Claimant has a speech impediment, consisting of a stutter and mild difficulty with expressive speech.
 
 
 5
 Notwithstanding these impairments, the ALJ found that although Claimant could not return to his past relevant work, he could perform sedentary and light work and thus, was not disabled. The ALJ made this finding based primarily on the testimony of a vocational expert ("VE").
 
 
 6
 The VE gave the following testimony at hearing:
 
 
 7
 Q. Ms. Jones, I'd like you to consider his, his age of thirty-six, his ninth grade education, his training and work experience as identified on the record and assume he has exertional impairments which limit him to light work and that's the assessment made by Dr. Craythorne in Exhibit 19; and that he also has--he's moderately limited in his ability to understand and remember detailed instructions and in his ability to carry out detailed instructions. That comes from Exhibit 22.... Because of his speech impediment, Ms. Jones, it would prevent him from working at a job requiring frequent and persistent communications with the general public or co-workers, particularly involving auditory warning commands. Okay, based on, on those set assumptions, in your opinion, what percentage of the, of the 1400 light, unskilled jobs and the 200 unskilled, sedentary jobs would such an individual be reasonably expected to perform?
 
 
 8
 A. Under the circumstances, of the light jobs, forty percent could be performed and of the sedentary jobs, sixty percent....
 
 
 9
 Q.... Ms. Jones, if the objective medical evidence so supports and I accord Mr. Riley full credibility as to his complaints of a pinching pain which occurs when he bends or walks a lot and that his lifting ability is that he can't lift too much; that his sitting is limited to thirty minutes; his standing is, is not long and walking is not far, what would such a residual functional capacity and his complaints of pain do the jobs you just mentioned?
 
 
 10
 A .... he just could not hold up to that kind of work.
 
 
 11
 The ALJ further found that Claimant's subjective complaints were not credible to the degree alleged. The ALJ did not make specific findings as to the degree to which Claimant's subjective complaints were credible. For example, the ALJ made no finding as to how seriously, if at all, Claimant's ability to walk, bend, lift or stand was impaired.
 
 
 12
 The ALJ also determined that he was without jurisdiction to reopen Claimant's earlier SSDI claim, since it concerned benefits under Title II of the Social Security Act, while the instant claim sought benefits under Title XVI.
 
 
 13
 The ALJ's decision was approved by the Appeals Council, thereby becoming the final decision of the Secretary. The Claimant then filed the instant action for judicial review. The case was referred to a magistrate judge, who concluded that there was substantial evidence to support the Secretary's denial of benefits. The district court agreed and granted the Secretary's motion for summary judgment.
 
 I.
 
 14
 On appeal, Claimant first contends that the ALJ erred in relying on the VE's opinion that Claimant could perform substantial jobs in the national economy, because the opinion was given in response to incomplete hypothetical questions from the ALJ.
 
 
 15
 A claimant has the burden of establishing the existence of a disability as defined by 42 U.S.C. Sec. 423(d)(1)(A) (1988). To satisfy the statutory definition of disability, the claimant must show: (1) that there is a medically determinable impairment which has lasted or is expected to last twelve months; (2) that there is an inability to engage in any substantial gainful activity; and (3) that the inability is by reason of impairment. Totten v. Califano, 624 F.2d 10, 11 (4th Cir.1980). When a claimant has demonstrated a medically determinable disability so severe as to preclude him from performing his former work, however, the burden shifts, and the Secretary must prove there is some other type of substantial gainful employment that the claimant can perform. Johnson v. Califano, 593 F.2d 1 (4th Cir.1979). This Court, like the district court, will uphold the Secretary's disability determination if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1988).
 
 
 16
 It is uncontradicted that Claimant is precluded from performing his former work; thus, the burden shifted to the Secretary to establish by a preponderance of the evidence that there was work available in the national economy that Claimant could perform in his impaired condition.
 
 
 17
 The only evidence in the record to support the ALJ's finding that there were a significant number of jobs in the national economy which Riley could perform is the testimony of the VE. In response to hypothetical questions asked by the ALJ, the VE testified that Claimant was capable of substantial gainful employment. We conclude, however, that the VE's testimony was fatally deficient in that the hypothetical questions failed to precisely set forth and describe all of Claimant's impairments. See Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir.1989); Stephens v. Secretary of Health, Educ. & Welfare, 603 F.2d 36, 41 (8th Cir.1979).
 
 In Walker v. Bowen, this Court held:
 
 18
 In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record ... and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.
 
 
 19
 889 F.2d at 50 (citation omitted). In this case, the ALJ did not ask questions that ensured that the VE knew what Claimant's abilities and limitations were. Therefore, the VE's responses to those questions cannot constitute sufficient evidence to support a finding that Claimant was capable of substantial gainful activity. Id. at 51.
 
 
 20
 In his hypothetical questions, the ALJ asked the expert to assume that Claimant could do "light work." The exact nature of Claimant's limitations that relegated him to "light work" was undisclosed, and thus, we have no way of determining whether the VE recognized all of claimant's disabilities. Further, it is impossible to assume that the VE considered all of Claimant's limitations when the ALJ did not, at any point during the hearing or in his opinion, specify the limitations caused by Claimant's back problems, even though the ALJ found this impairment to be "severe."
 
 
 21
 Furthermore, the ALJ specifically found that Claimant suffered from "depression," "moderate difficulties in maintaining social functioning," "borderline intellectual functioning," and that he has "moderate restriction of activities of daily living." However, the ALJ did not determine how or if these impairments specifically affected Claimant's ability to work. Furthermore, the ALJ did not include these limitations, even by name, in his hypothetical questions to the VE. The VE's testimony, which was based on hypothetical questions that did not encompass all relevant impairments, does not constitute substantial evidence to support the ALJ's decision. Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir.1994).
 
 II.
 
 22
 Claimant also argues that the ALJ's ruling that he was without jurisdiction to reopen Claimant's earlier disability claim was incorrect. We agree.
 
 
 23
 The ALJ refused to consider Claimant's request to reopen the prior determination on the grounds that he lacked jurisdiction to address a claim for SSDI when the current claim was for SSI. However, the regulations, which grant the ALJ broad jurisdiction to review issues related to Social Security claims, do not prevent the ALJ from reopening the SSDI claim. See 20 C.F.R. Sec. 404.496 (1994). Indeed, the regulations permit the Secretary to reopen claims on her own intiative. 20 C.F.R. Sec. 404.987 (1994). Furthermore, since the ALJ noted that the issues in both cases are "almost identical," the interests of judicial efficiency will be served by permitting the ALJ to determine the motion to reopen claimant's prior application while deciding his present application on remand.
 
 
 24
 We express no opinion on the merits of claimant's request to reopen his previous claim, nor do we address or decide whether a decision to reopen would have any effect on the merits of this claim.
 
 III.
 
 25
 Accordingly, the judgment of the district court is vacated, and the case is remanded to the court with directions to remand to the Secretary for further proceedings consistent with this opinion. As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 VACATED AND REMANDED