64 F.3d 658
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tyrone MUHAMMAD, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2117.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1995.
Decided Aug. 28, 1995.
 
 Tyrone Muhammad, Appellant Pro Se. Thomas Stephen Inman, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, Philadelphia, PA, for Appellee.
 Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Muhammad appeals from a district court order, adopting the report and recommendation of a magistrate judge and upholding the determination of the Secretary of Health and Human Services ("Secretary") that he was not entitled to disability benefits or Supplemental Security Income ("SSI").* Because we find that substantial evidence supported the Secretary's decision, we affirm.
 
 
 2
 Muhammad filed an application for benefits and an application for SSI, alleging disability due to a back, neck and leg injury sustained while working as a ship laborer. The applications were denied, and the regional commissioner found the denial of benefits appropriate upon reconsideration. Muhammad then requested a hearing before an administrative law judge ("ALJ"), at which he testified and presented evidence. The ALJ determined that, though Muhammad's condition precluded him from performing his past work, he was not disabled because he could still perform a limited range of light or sedentary level work. The Appeals Council denied Muhammad's request for review, and the ALJ's decision therefore became the final decision of the Secretary. Muhammad then filed a civil action in the district court, and the court affirmed the Secretary's decision, which he appealed to this court.
 
 
 3
 Muhammad contends that the ALJ erred by accepting the medical records of his treating physician as evidence, because his physician was biased. He also asserts that he is unqualified for the jobs the ALJ determined he could perform due to the severity of his back condition and his lack of education. Finally, Muhammad claims that the ALJ underestimated his back condition. In support of this contention, Muhammad states that he has recently begun taking prescription pain medication.
 
 
 4
 A claimant has the burden of establishing the existence of a disability as defined by 42 U.S.C.A. Sec. 423(d)(1)(A) (West Supp.1995). To satisfy the statutory definition of disability, the claimant must show: (1) that there is a medically determinable impairment which has lasted or is expected to last twelve months; (2) that there is an inability to engage in any substantial gainful activity; and (3) that the inability is by reason of impairment. Totten v. Califano, 624 F.2d 10, 11 (4th Cir.1980). However, when a claimant has demonstrated a medically determinable disability so severe as to preclude him from performing his former work, the burden shifts, and the Secretary must prove there is some other type of substantial gainful employment that the claimant can perform. See Johnson v. Califano, 593 F.2d 1 (4th Cir.1979). This court, like the district court, will uphold the Secretary's disability determination if it is supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West Supp.1988).
 
 
 5
 It is uncontradicted that Muhammad is precluded from performing his former work due to his medical condition; thus, the burden shifted to the Secretary to establish by a preponderance of the evidence that there was work available in the national economy that Muhammad could perform in his impaired condition. To prove that such work existed, the Secretary relied on the testimony of a vocational expert ("VE"). See Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir.1980) (testimony of VE is the usual and accepted method for carrying Secretary's burden of proving that jobs are available).
 
 
 6
 In response to hypothetical questioning which included Muhammad's age, education, work experience, functional capacity and overall medical condition, the VE testified that Muhammad could perform a significant number of jobs in the national economy. This hypothetical questioning took into account each and every impairment claimed by Muhammad, even though the ALJ expressed doubt as to Muhammad's credibility and the severity of his injury. The VE also specifically took into account Muhammad's lack of formal education. Thus, even if Muhammad's subjective complaints regarding his impairment are credited completely, substantial evidence still supported the ALJ's determination that Muhammad could perform work in the national economy.
 
 
 7
 Because we find that substantial evidence supports the Secretary's decision that Muhammad is not disabled, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 On April 26, 1995, Shirley S. Chater, Commissioner of Social Security, was substituted as party appellee for Donna E. Shalala, Secretary of Health and Human Services