Cynthia **HOOPER**, Plaintiff,

v.

Michael J. **ASTRUE**, Commissioner of Social Security, Defendant.

No. 2:09–CV–45–BO.

United States District Court, E.D. North Carolina, Northern Division.

Aug. 22, 2010.

Barbara von Euler, Kathleen Shannon Glancy, PA, Wilmington, NC, for Plaintiff.

Eskunder R.T. Boyd, Mark J. Goldenberg, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on the parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## INTRODUCTION

Plaintiff Cynthia Hooper applied for Disability Insurance Benefits on August 4, 2006, and for Supplemental Security Income on October 12, 2006, alleging an onset date of May 25, 2006. These claims were denied initially and on reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Judge Roseanne Gudzan heard the case on July 31, 2008, and issued an unfavorable decision on August 26, 2008. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 30, 2009.

Plaintiff brought this action on September 28, 2009. The parties have each moved for judgment on the pleadings. A hearing on the Cross–Motions was held in Elizabeth City, North Carolina, on August 10, 2010. The Cross–Motions are now ripe for ruling.

## DISCUSSION

The ALJ's decision is REVERSED and REMANDED for an award of benefits because the ALJ's conclusion that Plaintiff can perform jobs that exist in the economy was not supported by substantial evidence. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is lim-

ited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

■ The ALJ erred at step five in finding that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of sedentary work. This RFC determination does not adequately take into account Plaintiff's paroxysmal spells and syncope. Although the ALJ took into account the danger of Plaintiff operating machinery, the ALJ did not sufficiently address Plaintiff's fatigue and need to lie down and sleep.

The medical evidence in the record is consistent with Plaintiff's account of dizziness, blackouts, and the need to lie down and sleep during the day. Plaintiff consistently sought treatment for these conditions. An MRI of Plaintiff's head on November 1, 2006 showed "apparent decreased flow or stenosis in the M2 segment of the right middle cerebral artery" and was "mildly abnormal due to nonspecific white matter lesions, which could be migrainous in origin, although ischemic or inflammatory etiologies could not be excluded." Tr. at 390–91. Similar venous anomalies and lesions were noted in MRI scans on February 19, 2007, and March 27, 2007. Tr. at 545, 555. The clinical notes of Dr. Matthew Boyce from August 14, 2007, indicate that Plaintiff's paroxysmal spells could be the result of either seizures caused by the developmental venous anomaly or the migrainous lesions seen in Plaintiff's MRI. Moreover, records from UNC Healthcare Systems show that on July 2, 2008, Plaintiff was found to have frequent enough paroxysmal spells "to consider inpatient video EEG monitoring to characterize these events," and it was noted that the spells may be epileptic in nature or a somatoform disorder.

■ The Commissioner argues that Plaintiff's ability to perform certain daily activities indicates that Plaintiff has the functional capacity to work. But "[i]t is not necessary to a finding of disability that a claimant be totally incapacitated; she need only show that her abilities are not sufficient to allow her substantial employment opportunities." *Batts v. Sullivan,* 818 F.Supp. 138, 140 (E.D.N.C.1993) (citing *Totten v. Califano,* 624 F.2d 10 (4th Cir.1980)). Here, Plaintiff's testimony that she does some household chores and gardening does not indicate that she has the ability to sustain such activity during a work day or week without substantial interruption by paroxysmal spells or syncope.

Moreover, as a result of Plaintiff's condition, Plaintiff's treating physician authorized in-home care. The ALJ did not ac-

cord any weight to this authorization on the grounds that such care would not be required for twelve months. But Plaintiff's treating physician stated that such care would be reviewed after one year and that Plaintiff's condition was chronic and unlikely to improve. In further defense of the ALJ's refusal to consider this in-home care, the commissioner's counsel goes well beyond the ALJ's analysis and asserts that the authorization itself does not demonstrate disability. This contention may not form the basis for affirming the Commissioner's decision. *See Patterson v. Bowen,* 839 F.2d 221, n. 1 (4th Cir.1988) ("We must, however, affirm the ALJ's decision only upon the reasons he gave"); *Combs v. Weinberger,* 501 F.2d 1361 (4th Cir.1974). Nevertheless, it should be noted that the authorization of in-home care shows that the physician found Plaintiff to be so limited in her daily activities as to suggest disability.

In sum, because the ALJ's RFC determination and hypothetical questions to the Vocational Expert ("VE") did not adequately include Plaintiff's paroxysmal spells and syncope, the ALJ's opinion that Plaintiff has the capacity to perform jobs that exist in the economy was not supported by substantial evidence. A remand is not necessary because the VE testified that taking Plaintiff could not perform jobs that exist in the economy if the need to lie down is taken into account.

### CONCLUSION

Therefore, Plaintiff's Motion for Judgment on the Pleadings is GRANTED; Defendant's Motion for Judgment on the Pleadings is DENIED; and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen,* 672 F.Supp. 230, 237 (E.D.N.C.1987). Because Plaintiff is un-

able to perform jobs that exist in the economy, an award of benefits is appropriate. Accordingly, this case is REMANDED for an award of benefits.