770 F.2d 845
 10 Soc.Sec.Rep.Ser. 407, Unempl.Ins.Rep. CCH 16,302
Richard S. MILLER, Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services
of the United States of America, Defendant-Appellee.
 No. 84-5631.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 7, 1985.
Decided Sept. 4, 1985.
 
 Dale C. Miller, Riverside, Cal., for plaintiff-appellant.
 Gregg A. Frampton, Dennis Mulshine, Asst. Regional Attys., DHHS, San Francisco, Cal., for defendant-appellee.
 On Appeal From the United States District Court for the Central District of California.
 Before ANDERSON, BEEZER and BRUNETTI, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Richard S. Miller brought this action to challenge a decision of the Secretary of Health and Human Services denying him benefits. The district court granted summary judgment for the Secretary. We affirm.
 
 
 2
 * Background
 
 
 3
 Miller claims that various physical impairments have rendered him unable to work since his back was injured in July 1975. On June 20, 1979, Administrative Law Judge Louis Rosenberg found that Miller had been disabled between September 1976 and January 1979. Accordingly, ALJ Rosenberg granted benefits to Miller for a closed period from September 1976 to March 1979. In addition, however, ALJ Rosenberg found that Miller was able to perform basic work-related functions beginning January 19, 1979. The Appeals Council rejected Miller's appeal on February 22, 1980. Miller did not seek review of that decision.
 
 
 4
 In 1980, Miller applied for supplemental security income and filed a second application for a period of disability and disability insurance benefits. The Social Security Administration rejected Miller's claims on December 19, 1980. On November 10, 1981, ALJ Larry Weber denied Miller's claims on the ground that Miller was not disabled. The Appeals Council rejected Miller's appeal on February 18, 1982.
 
 
 5
 Miller filed the present action in district court on April 21, 1982. After the parties filed cross motions for summary judgment, the district court granted summary judgment in favor of the Secretary on January 31, 1984.
 
 II
 Standard of Review
 
 6
 The granting of a summary judgment is reviewed de novo. Haluapo v. Akashi Kaiun, K.K., 748 F.2d 1363, 1364 (9th Cir.1984). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 7
 The Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g); see Swanson v. Secretary of Health and Human Services, 763 F.2d 1061, 1064 (9th Cir.1985). Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quotingConsolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938) ).
 
 III
 Substantial Evidence
 
 8
 A. The Preclusive Effect of the Prior Proceeding
 
 
 9
 ALJ Rosenberg found that Miller was disabled between September 1976 and January 19, 1979, but that Miller was not disabled as of January 19, 1979. Pursuant to 42 U.S.C. Sec. 405(h), those findings are now binding on both Miller and the Secretary under res judicata. See Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985); Stuckey v. Weinberger, 488 F.2d 904 (9th Cir.1973) (en banc). Accordingly, Miller can only obtain benefits for a disabling condition that manifested itself after January 19, 1979. See Swanson, 763 F.2d at 1065 (noting that the critical date is the date of onset of disability). Moreover, the ALJ's finding that Miller could work beginning January 19, 1979, created a presumption that Miller continued to be able to work after that date. See Lyle v. Secretary of Health and Human Services, 700 F.2d 566, 568-69 (9th Cir.1983).
 
 
 10
 The Secretary argues that the res judicata effect of the ALJ's findings attached when the Appeals Council affirmed the ALJ on February 22, 1980. The Secretary is incorrect. The ALJ made no factual findings regarding Miller's condition after January 19, 1979. Accordingly, the appropriate date is January 19, 1979.
 
 B. The Evidentiary Record
 
 11
 In light of the prior determination that Miller was not disabled as of January 19, 1979, medical reports based on observations made prior to January 20, 1979, are irrelevant. Miller relied on two letters from his treating physician, Dr. Silver. Dr. Silver's letters were not accompanied by clinical findings.[1] The record also contains a report by Dr. V. Phabhu Dhalla, whose findings indicate that Miller was not disabled.
 
 
 12
 In addition to the medical reports, the Millers testified before ALJ Weber. Miller complained of severe pain that significantly limited his ability to move. Miller also testified that he used substantial quantities of prescription painkillers. Mrs. Miller corroborated his testimony on both points.
 
 C. Pain
 
 13
 We require specific findings when an ALJ rejects a claimant's subjective allegation of pain. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983). The ALJ made the following findings regarding Miller's allegation of pain:
 
 
 14
 The level of pain suffered by the claimant is not severe nor is it incapacitating as indicated by the lack of any significant objective findings in the medical evidence; it is noted that there is no evidence of any significant loss of range in the spine, arms, or legs, nor is there any evidence of any related muscle spasm or fasiculations in these areas.
 
 
 15
 In light of Dr. Dhalla's report, which found no significant limitations due to pain, the ALJ's findings are supported by substantial evidence.
 
 
 16
 Miller argues, however, that the ALJ erred by failing to give adequate weight to the opinion of his treating physician, Dr. Silver, who asserted that Miller was totally disabled by pain. We disagree. In Murray, we adopted the rule that a treating physician's opinion can be disregarded only if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." 722 F.2d at 502. In Murray, the ALJ had accepted the conclusion of a nontreating physician even though three treating physicians had reached the opposite conclusion based on identical clinical findings. Id. at 501. In Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984) (as amended on denial of rehearing, February 20, 1985), we held that Murray was inapplicable when the nontreating physician relies on independent clinical findings that differ from the findings of the treating physician. In this case, Dr. Silver made no findings. Because Dr. Dhalla's conclusions are based on independent clinical findings, Murray is inapplicable. See Allen, 749 F.2d at 579 ("[T]o the extent that [the nontreating physician's] opinion rests on objective clinical tests, it must be viewed as substantial evidence that [the claimant] is no longer disabled.").
 
 D. Narcotics Use
 
 17
 The ALJ made the following findings regarding Miller's use of prescription narcotics:
 
 
 18
 There is no evidence of any significant mental impairment since the claimant's extensive use of medication does not appear to have affected his ability to care for himself or relate to other people. While the claimant's medications probably preclude being around machines in operation, the claimant's ability to concentrate did not appear significantly limited.
 
 
 19
 A claimant bears the burden of proving that an impairment is disabling. See, e.g., Swanson, 763 F.2d at 1064. Miller produced no clinical evidence showing that narcotics use impaired his ability to work. Accordingly, the ALJ properly rejected Miller's claim.[2]
 
 E. Miller's Ability to Work
 
 20
 The ALJ found that Miller was capable of "light work." The Secretary's regulations regarding disability insurance contain the following definition:
 
 
 21
 Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.
 
 
 22
 20 C.F.R. Sec. 404.1567(b); see also id. Sec. 416.967(b) (identical definition for purposes of supplemental security income). Dr. Dhalla's report supports the ALJ's conclusion that Miller could perform "light work."
 
 
 23
 Miller argues that the ALJ erred by failing to require the Secretary to produce evidence showing that Miller could, in fact, obtain employment. Miller is incorrect. The Secretary is required to produce vocational evidence only when the claimant has shown that he or she cannot perform any previous relevant work. See Perminter v. Heckler, 765 F.2d 870, 871-72 (9th Cir.1985); Gonzalez v. Harris, 631 F.2d 143, 145 (9th Cir.1980). The ALJ found that Miller's previous relevant work as a technical writer was "light work." Accordingly, the Secretary was not obligated to produce vocational evidence.
 
 IV
 Conclusion
 
 24
 The Secretary's findings were supported by substantial evidence. Accordingly, the district court's decision is AFFIRMED.
 
 
 
 [1]
 The first letter, which is dated May 18, 1981, contains one paragraph:
 This is to certify that the above named patient has been under my care since April 3, 1978 for cervical radiculopathy. He had cervical disc surgery which was unfortunately not able to relieve his pain and he continues to have pain with cervical radiculopathy and has become severely medication dependent. He has been taking prodigious amounts of Tylenol with Codeine and also Talwin as well as Soma. I do not recommend any further neurosurgical or neurodiagnostic procedures in this patient. In my opinion because of his subjective pain and need for such great amounts of medication (various attempts to reduce this or eliminate this have been unsuccessful) it is my opinion that he is disabled from work.
 The second letter, which is dated November 3, 1981, contains two paragraphs:
 Mr. Richard Miller has been under chronic care for three and one half years for chronic cervical discogine problems. He has had surgery with less than optinal [sic] success and is now on very large amounts of pain medication with limited success in decreasing it. He has been reported to the State as a chronic user. [sic] (takes 125 Tylenol with codeine 30 mg. per week) and possibly addicted.
 Although his pain has become worse during the past year I do not belive [sic] he is a candedate [sic] for further myelography or surgery. I believe he is totally disabled because of subjective pain and the use of so much medication. I do not believe he could safely drive nor be employed in a responsible job while taking this medication.
 
 
 [2]
 Miller asserts that his narcotics overuse "would have been fully explored" if he had been advised of his right to an attorney. The record reveals that Miller was given such notice