980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cordelia MACK, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-55309.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Nov. 30, 1992.
 
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cordelia Mack appeals the district court's order granting the Secretary's motion for summary judgment in her action for Social Security Disability Insurance (Title II) and Social Security Income (SSI). Mack applied for Title II and SSI based on a combination of ailments, including asthma and epilepsy. Mack's last date of insured status for the purpose of being eligible for Title II was June 30, 1983. The Administrative Law Judge (ALJ) found Mack to be disabled as of September 4, 1984. Mack claims that the ALJ's finding that she was not disabled prior to that time is not supported by substantial evidence. Mack further claims that the Secretary is estopped from finding her not disabled as of May, 1978. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir.1991). We will affirm a finding of disability or non-disability if the ALJ has based his or her conclusions on substantial evidence and the correct legal standards. Swanson v. Secretary of Health and Human Services, 763 F.2d 1061, 1064 (9th Cir.1985).
 
 
 4
 Mack contends that she has been disabled since May, 1978. When a claimant seeks a determination that she is disabled under the Social Security Act, she bears the burden of proving that her impairment or combination of impairments prevents her from engaging in her previous occupation. 42 U.S.C. § 423(d)(1)(A). If she has made out this prima facie case of disability, the burden shifts to the Secretary to show that the claimant can perform other types of work in the national economy, given her residual functional capacity, age, education, and work experience. Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir.1986).
 
 
 5
 In Mack's case, the ALJ found that she was capable of performing her past relevant work as a community service worker until September 4, 1984 and therefore did not meet her burden of proving disability until that time. Since the ALJ found that Mack did not make out her prima facie case, the burden never shifted to the Secretary.[1]
 
 
 6
 Mack has not worked since 1976 when she first applied for SSI, alleging disability based on chronic asthma. She was found disabled as of May 24, 1976, but in 1978 the SSA determined that Mack's disability ceased, thereby creating a presumption that she could work after that date. Miller v. Heckler, 770 F.2d 845, 848 (9th Cir.1985). Thus Mack still bears the burden of proving that she could not engage in any of her previous work.
 
 
 7
 The ALJ found that Mack's medical conditions rose to the level of a severe impairment when she began complaining of seizures in September, 1984. The ALJ concluded that these complaints, when combined with her other physical and psychological symptoms, rendered her disabled according to both 12.04 and 12.07 of the List of Impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. Section 12.04 describes "Affective Disorders," and 12.07 describes "Somatoform Disorders."
 
 
 8
 In coming to this conclusion, the ALJ conducted a thorough review of the medical evidence. Hospital records and several reports from Mack's treating physicians indicate that she has suffered from chronic asthma and depression from 1981 to the present, but did not begin complaining of seizures until the fall of 1984. Several treating physicians expressed the view that Mack's symptoms were not corroborated by the findings of her physical examinations, and psychological and psychiatric evaluations indicate that Mack suffers from depressive and somatoform disorders. In addition to this evidence, the ALJ relied on the testimony of a medical advisor, Dr. Robert Paxton, who stated that Mack's impairments met the required level of severity as of September, 1984, when she began experiencing the seizures. See DeLorme, 924 F.2d at 848 (holding that Social Security Ruling 83-20 requires the ALJ to procure the services of a medical advisor as well as obtain all available evidence when making a determination of the onset of disability). While it may well have been possible for the ALJ to find that Mack's affective and somatoform disorders rose to the level of severe impairments at some time other than September 4, 1984, it is clear from the record that the ALJ's finding of that onset date is supported by substantial evidence.
 
 
 9
 Mack contends that the Secretary is estopped from finding her not disabled during the period of May, 1978 through February, 1985. She bases this claim on the SSA's continuing to issue her SSI checks despite a finding that she ceased to be disabled in April, 1978. While estoppel may lie against the Secretary if an issue has been resolved in a previous determination or decision, Wilson v. Heckler, 761 F.2d 1383 (9th Cir.1985), Mack's overpayments were based on a bureaucratic oversight, not on a determination or decision that she was disabled. Since there is no factual basis for Mack's claim of estoppel, the court need not address whether or not a claim of equitable estoppel could lie against the Secretary when a claimant seeks treasury funds.
 
 
 10
 Mack also contends that the ALJ's failure to make findings regarding her credibility constitutes reversible error. The ALJ must make such findings when the claimant's credibility is a critical factor in the ALJ's decision. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990). Mack's credibility was not a critical factor. The ALJ based his conclusions on the medical evidence and on Mack's subjective complaints.
 
 
 11
 Finally, Mack claims that the ALJ's findings regarding the onset of her disability are inconsistent. She bases this claim on the ALJ's statement in the decision dated February 29, 1988 that "Prior to September 30, 1984, the claimant had the residual functional capacity to perform work related functions...." This is clearly a clerical error. Throughout the decision, the ALJ refers to the September 4 onset date. There is no conflict or uncertainty in the ALJ's decision.
 
 CONCLUSION
 
 12
 The ALJ applied the correct legal standards in determining that Mack's disability began on September 4, 1984. The ALJ's decision is also supported by substantial evidence. Mack's claim of estoppel has no basis in fact, and we therefore AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since the burden never shifted to the Secretary to show that Mack could perform other work, the ALJ was not required to adduce evidence from a vocational expert regarding Mack's residual functional capacity to perform other work. Miller v. Heckler, 770 F.2d 845, 850 (9th Cir.1985)