61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louise TAVARES, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-56297.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1995.*
Decided July 12, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Applicant Louise Tavares appeals from the district court's decision granting summary judgement in favor of the Secretary of Health and Human Services (the "Secretary") on Tavares' petition for judicial review of the Secretary's decision denying her application for Supplemental Security Income ("SSI") benefits. Tavares contends the Secretary erred in: (1) failing to accord the proper weight to the opinion of Tavares' treating psychologist; (2) failing to consider Tavares' combination of impairments in evaluating her claim of disability; and (3) finding that Tavares could perform her past relevant work as a nurse's aide. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 I.
 
 4
 We review de novo the decision of a district court granting summary judgment. Jones v. Union Pacific R. Co., 968 F.2d 937, 940 (9th Cir. 1992). The appellate court's review is governed by the same standard applied by the trial court. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). A reviewing court will not set aside the Secretary's findings unless they are based on legal error or are not supported by substantial evidence in the record. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985). The Secretary's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g); see Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).
 
 II.
 
 5
 Tavares contends that the Administrative Law Judge ("ALJ") erred in rejecting the opinion of her treating psychologist, Dr. Lynne Gregory, that Tavares was so impaired mentally as to be unable to function in or "survive the stressors of" a normal work environment.
 
 
 6
 The medical opinion of a claimant's treating physician is normally entitled to greater weight than that of other practitioners because he or she is employed to cure and has a better opportunity to know and observe the patient. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). However, the ALJ may disregard the treating physician's opinion, whether or not that opinion is contradicted, and need not accept a treating physician's opinion that is "brief and conclusory in form with little in the way of clinical findings to support [its] conclusion" Id.
 
 
 7
 To reject the opinion of a treating physician that conflicts with that of an examining physician, the ALJ must "make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowens, 853 F.2d 643, 647 (9th Cir. 1987).
 
 
 8
 Contrary to Tavares' assertion that the ALJ "virtually ignores" Dr. Gregory's opinions in his decision, the ALJ's written findings do refer to those opinions in some detail. He did make findings setting forth specific, legitimate reasons for rejecting Dr. Gregory's conclusions, including the conflicting opinions of other examining physicians. The ALJ's findings were based on substantial evidence in the record.
 
 III.
 
 9
 Tavares next contends that because the ALJ concluded only that Tavares suffered from arthritis and dysthymia, he did not consider, as required by law, the combined impact of all of Tavares' alleged impairments, without regard to whether any one impairment, if considered separately, would be sufficiently severe to render the applicant disabled. See Gregory v. Bowen, 844 F.2d 664 (9th Cir. 1988).
 
 
 10
 It is apparent from the ALJ's written decision that he did, in fact, consider Tavares' claimed impairments, and the evidence thereof, in combination. He nonetheless concluded that Tavares could perform light unskilled work and could return to her past job as a nurse's aide. This conclusion is supported by substantial evidence in the record.
 
 IV.
 
 11
 Tavares finally contends that the ALJ's conclusion that Tavares could return to her past work as a nurse's aide was in error. She notes that the Dictionary of Occupational Titles lists only one category of nurse's aide, for which a requirement of medium strength is noted.
 
 
 12
 The ALJ found, based on the medical testimony and Tavares' descriptions of her daily activities, that Tavares had the residual functional capacity to perform work-related activities that did not involve the lifting of more than 20 pounds or complicated or technical work tasks or instructions. These findings were based on substantial evidence in the record. Robert Metcalf, Ph.D., a vocational expert, testified at the administrative hearing that there were approximately 850 private nurses' aides involving light work in San Diego County. Metcalf's testimony was not controverted.
 
 
 13
 The ALJ further found that even assuming Tavares was unable to return to her past work as a nurse's aide, there was still nonetheless a significant number of jobs in the national economy that she could perform despite her impairments. He noted that a woman closely approaching advanced age with a high school education, a capacity for light work and a vocational background in unskilled work is considered not disabled under the applicable Social Security regulations. See 20 CFR Pt. 404, Subpt. P, App. 2, Rule 202.13 (1994).
 
 
 14
 The ALJ correctly applied the appropriate regulation, and his factual findings are supported by substantial evidence in the record.
 
 V.
 
 15
 We AFFIRM the judgment of the district court.
 
 
 
 *
 The Panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3