101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cuoc T. NGO, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-55663.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.**
Decided Nov. 14, 1996.
 
 1
 Before: FERNANDEZ and HAWKINS, Circuit Judges and SCHWARZER,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Cuoc T. Ngo appeals the district court's summary judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Ngo's application for supplemental security income under 42 U.S.C. § 405. Ngo alleged that she was unable to work because of back and neck pain, hypertension, a heart condition, fatigue, insomnia, headaches, dizziness, nervousness, depression, and concentration and memory problems. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 The administrative law judge ("ALJ") reviewed the evidence in the record and determined that Ngo suffers from hypertension, low back pain, headaches, and dysthymia (a depressive disorder). The ALJ also found that Ngo had moderate restrictions in activities of daily living and moderate difficulty in maintaining social functioning as a result of her depressive disorder. Nevertheless, while the ALJ found that Ngo is limited to sedentary work, he concluded that neither her physical nor mental impairments rendered her unable to perform her past relevant work as a harness assembler in an electronics manufacturing company.
 
 
 5
 Ngo does not contest the ALJ's findings regarding her physical and mental impairments. In fact, she states that substantial evidence supports the ALJ's conclusions that she is limited to sedentary work and has moderate limitations in the ability to engage in activities of daily living and social functioning. Ngo contends, however, that the ALJ did not properly consider whether moderate impairments in the ability to engage in activities of daily living and social functioning would significantly erode her capacity to perform semiskilled work. To that end, Ngo argues that the ALJ should have utilized the services of a vocational expert to resolve this issue.
 
 
 6
 Ngo's argument fails because she bears the burden of showing that her mental impairments prevent her from performing her previous occupation. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir.1996). Only then does the burden shift to the Commissioner to show that she can perform other types of work in the national economy. See, e.g., id. Furthermore, the Commissioner is not required to produce vocational evidence until Ngo proves that she cannot perform any previous relevant work. See, e.g., Miller v. Heckler, 770 F.2d 845, 850 (9th Cir.1985).
 
 
 7
 Here, all three examining psychiatrists agreed that Ngo suffers from only moderate mental impairments, and the ALJ adopted their conclusion. We conclude that substantial evidence supported the ALJ's decision.
 
 
 8
 Both Dr. Sohini P. Parikh (examining psychiatrist) and Dr. Karen Cunningham (examining psychiatrist) found that Ngo could perform simple work tasks and interact appropriately with co-workers and supervisors despite her depressive disorder. In fact, Dr. Parikh rated Ngo's Global Assessment of Functioning (GAF) at 70, which indicates mild symptoms or some difficulty in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders 12 (3d ed. rev. 1987). Moreover, although Dr. Aungkhin B. Aungkhin (examining psychiatrist/neurologist) assigned a GAF rating of 58 to Ngo, the ALJ noted that 58 is still at the high end of the continuum of "moderate" impairment. Id. Finally, Drs. Cunningham and Aungkhin both concluded that medication or treatment would likely alleviate Ngo's depression, thereby supporting the ALJ's conclusion that Ngo's mental impairments were not disabling. See, e.g., Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir.1982) (noting that ALJ could properly conclude that claimant's emotional impairment was minimized with medication).
 
 
 9
 Ngo does not challenge these psychiatrists' findings; she argues instead that moderate mental impairments prevent her from performing her previous job. She failed to submit any evidence, however, supporting that claim.[1] Because Ngo bears the burden of proving that she could not return to her previous job, she similarly bears the burden of demonstrating that the doctors' diagnoses were inconsistent with her being able to resume work as a harness assembler. Accordingly, she could have introduced evidence from a vocational expert or testified herself about the requirements of her former job. While this type of evidence would not necessarily have compelled the ALJ to decide differently, it would have been probative of the alleged inconsistency between moderate mental impairments and the ability to perform harness assembly. Because Ngo failed to show that her mental impairments render her unable to perform her previous job, we conclude that substantial evidence supported the ALJ's findings.
 
 
 10
 AFFIRMED. Claimant's request for costs and fees is denied.
 
 
 
 *
 Pursuant to Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration effective March 31, 1995. In accordance with section 106(d) of Pub.L. 103-296, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 ***
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Even if Dr. Aungkhin's diagnosis of Ngo's "severe" Axis IV impairment, which she fails to raise in her briefs in this court, were probative of her claim that she is unable to return to work as a harness assembler, a point she does not argue, other evidence from Dr. Aungkhin and the other examining physicians provides substantial support for the ALJ's findings