NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY T. EDLER,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>             Defendant - Appellee. | No. 09-35821<br><br>D.C. No. 4:08-cv-00084-SEH-RKS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted July 15, 2010**
Seattle, Washington

Before: REINHARDT, GRABER and PAEZ, Circuit Judges.

   Timothy T. Edler appeals from the district court's order affirming the

Commissioner's decision to deny him social security disability benefits.  Edler

argues, *inter alia*, that the ALJ erred in discounting both his subjective testimony

---

   *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

regarding the crippling pain he experienced due to his regular, indeed weekly, headaches, and the opinion of a treating physician that he faces "marked" to "extreme" limitations due to his bipolar disorder. We agree on both counts and accordingly reverse and remand to the district court for an award of benefits.

During his hearing, Edler testified that he suffered from debilitating headaches on a weekly basis. If this testimony was true, given Edler's other undisputed disabilities he would be entitled to benefits, for reasons explained below. Where, as here, there is no dispute as to the claimant's underlying physical impairments,[1] to reject a claimant's subjective testimony as to pain an ALJ must provide "clear and convincing reasons," *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008), that rest on findings "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

---

[1]Edler contended he was disabled due to neck pain, dizziness, and balance difficulties brought about by brain surgery, headaches, numbness of his extremities, and psychiatric problems, including depression, anxiety, memory problems, difficulty concentrating, and anger problems. The ALJ concluded that Edler's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's residual functional capacity assessment]."

2

In addressing Edler's claim that he suffered from chronic headaches that resulted in disabling pain, the ALJ for the most part recited diagnostic data without providing the specific findings required by *Bunnell*.[2] The ALJ's only finding relevant to Edler's headaches was that his subjective testimony was generally discredited by his daily activities. The daily activities that the ALJ cited included a short-lived home-based business, a single camping trip resulting in physical injury, participation in seasonal hunting and fishing with extensive assistance from his son, checking e-mail, playing computer games, teaching himself to play the guitar, watching television, and a weekly visit to a friend's house. The ALJ also noted that Edler had occasionally used a Bow-Flex weight machine in his home until the machine dislocated his right shoulder, prompting him to cease exercising. The uncontested facts in the record, however, are that: Edler's home-based business failed quickly; his occasional hunting was undertaken from a vehicle and,

---

[2] *Bunnell* held that an ALJ disclaiming a claimant's allegations of severity "must specifically make findings which support this conclusion," and that "[t]hese findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds." 947 F.3d at 345. This holding makes clear that "findings," "conclusion," and "record" are distinct concepts. Thus, neither the ALJ's conclusion that Edler was not credible nor his unelaborated recitation of extensive sections of the record can meet *Bunnell*'s requirement that the ALJ provide specific *findings* that justify his rejection of Edler's testimony.

as noted, required extensive physical assistance from his son. Moreover, his efforts to exercise led to the aggravation of a chronic injury that was among the bases for his disability claim. Neither these activities nor any of the others mentioned by the ALJ evidence physical abilities transferable to a work setting, as is required for daily activities that may discredit a claimant's subjective testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). In addition, the fact that a claimant checks his e-mail, plays computer games, watches television, learns to play the guitar, and visits a friend once a week could in no way lead to a reasonable conclusion that he does not suffer debilitating headaches on an average of one day a week. In sum, the ALJ failed to make specific findings that support clear and convincing reasons that would warrant rejecting Edler's testimony regarding his frequent debilitating headaches. Accordingly, Edler's headaches should have been reflected in the ALJ's assessment of his residual functional capacity.

The vocational expert testified that Edler would be unable to find work in the national economy if, in addition to the impairments recognized by the ALJ's residual functional capacity assessment, he "would need more than the two 15 minute breaks normally allowed during a work shift and/or more than the 30 to 60 minute break normally allowed once per shift . . . [a]nd/or . . . [need] to miss more

than two work days in a typical work month." Had the ALJ credited Edler's

testimony that he suffered from weekly, debilitating headaches, he would have

been compelled to conclude that Edler could not obtain work in the national

economy. Thus, we remand for an award of benefits. *See* 20 C.F.R. §§

404.1520(g), 404.1512(g).

A second basis for reversing and remanding is the ALJ's improper rejection

of the opinion of Edler's treating physician, who concluded that Edler's bipolar

disorder entailed "marked" or "extreme" limitations on Edler's ability to work. A

treating physician's opinion is generally due "controlling weight," 20 C.F.R. §

404.1527(d)(2), and where, as here, it is contradicted by another doctor, it can be

rejected only if the ALJ provides "specific and legitimate reasons supported by

substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1995). The ALJ's rejection of the opinion of Edler's treating physician relied on

selective citations to periodic improvements in Edler's treatment record that are

fully consistent with Edler's Bipolar I disorder, a disease that is, by definition,

episodic.[3] *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (stating that an

appellate court reviewing an ALJ's conclusions "must consider the entire record as

---

[3]*See* National Institute of Mental Health, Bipolar Disorder 1 (2009) ("People with bipolar disorder experience unusually intense emotional states that occur in distinct periods called 'mood episodes.'").

5

a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (citation and internal quotations omitted). Moreover, the ALJ impermissibly relied on the testimony of a non-treating physician who differed from Dr. Nagy only as to his conclusions and did not "rel[y] on independent clinical findings." *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985); *see also Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). The ALJ failed to grant controlling weight to the treating physician's opinion, and this failure affected the ALJ's analysis with regard to the extent to which Edler's mental limitations would affect his ability to obtain and retain work. In light of the vocational expert's testimony, the failure to credit Edler's mental limitations in accordance with his treating physician's testimony provides an independent basis for reversal. We reverse and remand for an award of benefits.

**REVERSED and REMANDED**

Edler v. Astrue, No. 09-35821

GRABER, Circuit Judge, dissenting:

I respectfully dissent because, in my view, the Commissioner's decision employs the correct legal standard and is supported by substantial evidence. See Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (describing our standard of review).

The administrative law judge ("ALJ") permissibly discounted Dr. Nagy's assessment of Claimant's limitations. For example, Dr. Nagy made his last progress note on May 29, 2008, before Claimant ceased taking the medication that was suspected of causing his then-increased symptoms. Additionally, some of the limitations that Dr. Nagy listed were inconsistent with the details contained in his own treatment records, as well as inconsistent with treatment records of several other medical providers.

The ALJ also permissibly found Claimant not to be fully credible. The ALJ noted several specific ways in which Claimant's subjective complaints were overstated in relation to objective medical findings and in relation to Claimant's contemporaneous reports to some of the treating professionals. Moreover, the ALJ permissibly relied on the fact that Claimant discontinued mental health treatment for more than a year, suggesting that his mental impairment was not as severe as alleged. Finally, the ALJ permissibly relied on Claimant's range of daily activities,

including hunting, fishing, learning to play the guitar, lifting weights, and starting to develop a home-based business, the later economic failure of which does not detract from the relevance to credibility of the work activity itself, in which Claimant engaged for about four hours per day for about six months.