
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT K. ENGLEHARDT, | No. 12-16203 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02512-HRH |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.**

Claimant Robert Englehardt appeals the district court's decision reversing

the ALJ's denial of disability benefits for back pain.  He argues that the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

court erred in remanding for further proceedings rather than an award of benefits. We affirm.

This court reviews the district court's decision to remand without applying the credit-as-true rule for an abuse of discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1173 (9th Cir. 2000). According to Englehardt, the ALJ recognized that Dr. Khan's assessment, if credited, "would indicate that the claimant could not perform any kind of work." Englehardt is mistaken. In the quoted statement, the ALJ was referring to the opinions of Drs. Khan and Benjamin together. As discussed below, Dr. Benjamin's testimony was properly discredited. It is not "clear from the record that the ALJ would be required to find the claimant disabled were [Dr. Khan's opinion] credited," and thus the third prong of the *Harman* test is not met. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Dr. Khan merely opined that Englehardt's lower back pain, which was precipitated by movement, caused difficulties in concentration. The ALJ may need to consider vocational evidence before determining that Englehardt's difficulty concentrating prevented him from working. Therefore it was not an abuse of discretion for the district court to remand for further proceedings.

Englehardt argues that the reasons given by the ALJ for rejecting his pain symptom testimony cannot be clear and convincing, seeing as his medication

2

dosage was repeatedly increased, and he was awaiting insurance approval for a spinal cord stimulator. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (requiring "specific, clear, and convincing reasons" for rejecting symptom testimony). Yet Dr. Khan repeatedly explained that he "[does] not like to use narcotics long-term in patients with chronic pain syndromes because of tolerance, dependence, and opioid[-]induced hyperalgesia." In Dr. Khan's experience, "when [a spinal cord stimulator] is effective, the patient's reliance on medication, especially narcotics, has decreased significantly." The stimulator was merely suggested as an alternative to medications that otherwise were "controlling the pain reasonably well." The fact that Englehardt's pain was reasonably well controlled is a clear and convincing reason to reject his symptom testimony.

Englehardt argues that the ALJ erred in rejecting Dr. Benjamin's opinion because a treating physician's assessment should be given more weight. A treating physician's opinion should be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). If it is not, the opinion is not entitled to controlling weight. *Id.* Dr. Benjamin's opinion is not supported by objective clinical findings, and thus it is not entitled to controlling weight.

Englehardt further argues that, even if Dr. Benjamin's opinion is not entitled to controlling weight, the ALJ was nonetheless required to give clear and convincing reasons for rejecting it. The ALJ need only meet this heightened standard for rejection if the opinion at issue is not contradicted by that of another doctor. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). In this case, there were multiple doctors whose opinion contradicted that of Dr. Benjamin, including an examining doctor, Dr. Ottney. Therefore, the ALJ need only provide "specific and legitimate reasons supported by substantial evidence" when rejecting Dr. Benjamin's testimony. *Id.* (internal quotations omitted). "When an examining physician provides independent clinical findings that differ from the findings of the treating physician, such findings are 'substantial evidence.'" *Id.* at 632 (quoting *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985)) (internal quotations omitted). In this case, Dr. Ottney's findings constituted substantial evidence in support of the ALJ's specific and legitimate reasons for rejecting Dr. Benjamin's opinion. Moreover, the ALJ properly "set forth [her] own interpretations and explain[ed] why they, rather than the doctors', [were] correct. *Embrey v. Bowen*, 849 F2d 418, 421-22 (9th Cir. 1988).

**AFFIRMED**.