**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHNNY D. AMARO,

            Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security Adiministration,

            Defendant - Appellee.

No. 12-17634

D.C. No. 2:12-cv-00213-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

Argued and Submitted May 13, 2015
San Francisco, California

Before: KOZINSKI, PAEZ, and CLIFTON, Circuit Judges.

Johnny Amaro appeals the district court's judgment affirming the decision

of an administrative law judge ("ALJ") denying his application for Disability

Insurance Benefits and Supplemental Security Income. We reverse and remand for

further proceedings.

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because the ALJ found that a medically determinable impairment could reasonably be expected to cause Amaro's symptoms, he could only reject Amaro's testimony regarding the severity of those symptoms if he offered "specific, clear and convincing reasons for doing so." *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation and internal quotation marks omitted). In finding that a claimant is not credible, an ALJ may consider (among other factors) the objective medical evidence. *See Valentine v. Comm'r Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009); SSR 95-5p. However, a claimant "need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Here, the ALJ concluded that Amaro's testimony was inconsistent with the objective medical evidence, because the record showed 1) "conservative, routine care . . . with no requests for change," 2) "[p]hysical examinations [that] were largely normal," and 3) MRIs and X-rays showing "mild" and "normal" results. The ALJ did not cite to any record evidence to sustain the first reason, and substantial evidence does not support it. Instead, the record shows an aggressive treatment regimen, in which three separate physicians treated Amaro with immuno-suppressants that can cause dangerous side effects, with the exception of a period during which Amaro developed a severe kidney infection and lesions,

2

apparently due in part to his use of these drugs. Once recovered, Amaro was eventually placed again on the same treatment regimen, because the less dangerous treatment option, Prednisone, had not effectively controlled his symptoms. And, his treating physicians attempted multiple times[1] to place Amaro on Rituxan, a drug which may only be used once other, less severe treatment options have failed.

Nor does substantial evidence support the ALJ's conclusion regarding Amaro's physical examinations. Dr. Chhaya observed tenderness, swelling, decreased range of motion, and warmth in Amaro's right elbow; tenderness and decreased range of motion in both wrists (because they are fused); a decreased range of motion and a swan neck deformity in both of his fifth digits; tenderness, swelling, and "bogginess" in the majority of his phalanges, as well as a boutonierre deformity in two; and "digital contractures" as well as tenderness in his foot digits.

In reaching his conclusion with respect to the X-ray and MRI results, the ALJ did not note that the X-rays in the record showed arthritis and deformities in Amaro's hands, fusion in Amaro's wrists and, later, abnormalities in his hips. Additionally, while the MRI results did show "mild" results, they, like the X-rays, supported a diagnosis of rheumatoid arthritis. In discrediting Amaro's testimony regarding the severity of his symptoms because the MRIs and X-rays showed

---

[1] Amaro's insurance appears to have refused to cover Rituxan.

"mild" erosions and synovitis, the ALJ essentially required Amaro to provide "objective medical evidence of the pain or fatigue itself, or the severity thereof." *See Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting *Smolen*, 80 F.3d at 1282). The ALJ did not otherwise sufficiently support his adverse credibility finding with specific, clear and convincing reasons.

The ALJ also erred in failing to give sufficient weight to the opinion of Amaro's treating physician, Dr. Chhaya, because he failed to provide "specific and legitimate reasons that are supported by substantial evidence in the record" for discrediting Dr. Chhaya's opinion in favor of the examining physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).

An examining physician's contradictory opinion can constitute substantial evidence only if it relies on "independent clinical findings that differ from the findings of the treating physician." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (quoting *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985)). A contradictory opinion by a non-examining physician, by itself, does not constitute substantial evidence. *Lester*, 81 F.3d at 831. None of the non-treating physicians' opinions here constitutes substantial evidence, because two were from non-examining physicians, and because the one contradictory examining physician's opinion, Dr. Young's, did not offer a different diagnosis and was not based on

4

objective medical tests that Dr. Chhaya did not consider. *See Orn*, 495 F.3d at 632. In fact, Dr. Young did not review the X-rays of Amaro's hands and spine before providing his examining physician's opinion.

Substantial evidence does not support the ALJ's conclusion that Dr. Chhaya's opinion was inconsistent with her own treatment notes. Dr. Chhaya's treatment notes reflect thorough physical examinations, revealing tenderness, swelling, decreased range of motion, warmth, bogginess, deformities, and fusion of Amaro's wrist joints, as well as an aggressive treatment regimen intended to address his unabated symptoms. The ALJ did not otherwise provide specific, legitimate reasons supported by substantial evidence for his determination that Dr. Chhaya's opinion was due "little weight."

The district court is directed to remand this case to the Commissioner for further proceedings consistent with this disposition.

**REVERSED AND REMANDED.**