**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GINA L. SAMUELS, | No.    14-15989 |
| Plaintiff-Appellant, | D.C. No.  2:12-cv-01665-JAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

Gina L. Samuels appeals from the district court order affirming the

Administrative Law Judge's denial of her application for supplemental security

income under the Social Security Act.  We affirm.

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The ALJ provided "specific, clear and convincing reasons" for discounting Samuels's testimony on the "intensity, persistence, and limiting effect" of her symptoms. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). Samuels's self-reported activities, the objective medical evidence, and Samuels's failure to seek more aggressive treatment were inconsistent with Samuels's estimation of her abilities. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (holding that applicant's description of her childcare activities was inconsistent with her claim that her pain from fibromyalgia prevented her from any gainful activity); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ may consider objective medical evidence as a factor "in his credibility analysis"). Though the ALJ made some errors when describing Samuels's medical history, the errors were ultimately harmless because the ALJ's other grounds for discounting Samuels's testimony remained convincing. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008).

2. We reject Samuels's claim that the ALJ improperly weighed the medical source opinions of her treating providers. Dr. Soloman, a treating physician,

checked the "No" box on a check list that asked, "Can claimant perform work 8 hours a day, 5 days a week on a regular and consistent basis?" He wrote in that "pain, fatigue, and smell" impaired her ability to do so and that she could only sit for less than two hours, lift and carry less than ten pounds, and stand or walk for less than two hours. But another physician, Dr. Cunningham, who examined though did not treat Samuels, contradicted this assessment, saying that she could lift or carry twenty pounds occasionally and ten pounds frequently, and stand or walk for about six hours a day, and sit with normal breaks for about six hours a day. He opined regarding her symptom reports that she was "partial[ly] credible; for instance, states is in pain, but refuses pain meds." Since Dr. Soloman's opinion was contradicted by Dr. Cunningham's opinion, the ALJ could reject Dr. Soloman's opinion if the ALJ provided "'specific and legitimate reasons' supported by substantial evidence in the record." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

Substantial evidence supports the specific reasons that the ALJ cited for his assessment of Dr. Soloman's opinion. Dr. Cunningham's opinion that Samuels was capable of "medium exertional work" was supported by his independent

examination of Samuels.  See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) ("[W]hen an examining physician provides 'independent clinical findings that differ from the findings of the treating physician,' such findings are 'substantial evidence.'" (quoting Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985))).  And Dr. Soloman's opinion was only supported by a brief check-off form.  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings").

We also reject Samuels's claim that the ALJ did not properly weigh Katherine Lijoi's opinion concerning the extent of her disabilities.  Because Lijoi is a nurse practitioner, and not a physician, she is not an "acceptable medical source" under 20 C.F.R. § 404.1513(a).  Accordingly, the ALJ needed only germane reasons to discount her testimony.  Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).  The ALJ provided such a reason by noting that the objective medical evidence did not support Lijoi's conclusions.

3.      Samuels failed to object to the vocational expert's testimony.  Accordingly, the issue was not preserved for appeal.  See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999).

**AFFIRMED.**

*Samuels v. Colvin*, No. 14-15989

WATFORD, Circuit Judge, dissenting:

The ALJ's decision in this case suffers from two major flaws: The ALJ failed to provide valid grounds for discounting Samuels' credibility, and the ALJ did not properly weigh the opinions of the medical professionals who treated Samuels.

First, the ALJ failed to provide clear and convincing reasons for discrediting Samuels' allegations about the intensity and effects of her symptoms. In concluding that Samuels' activities of daily living were inconsistent with her subjective complaints, the ALJ found it "[m]ost significant[]" that Samuels has been "able to care for her young children at home . . . without any particular assistance." But the record does *not* show that Samuels has been able to care for her children, or perform other household tasks, without assistance. As in *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014), where we reversed the ALJ for making a similar error, Samuels emphasized that she had help, primarily from her teenage daughter, in performing routine daily activities, and that she was regularly unable to do laundry, prepare meals, or carry grocery bags by herself. *See id.* at 1015–16.

The ALJ also found Samuels' subjective complaints inconsistent with the medical evidence, but the ALJ's reasoning was erroneous on this score as well. The ALJ relied heavily on the apparent discrepancy between the relatively mild

objective indicators of rheumatoid arthritis in the record and Samuels' complaints of severe pain. The record contains an obvious explanation for that discrepancy, which the ALJ failed to properly address. Samuels also suffers from fibromyalgia, a disease that eludes objective measurement. *See Benecke v. Barnhart*, 379 F.3d 587, 590–91, 594 (9th Cir. 2004). The ALJ discounted the possible effects of fibromyalgia on the ground that Samuels received "no specific treatment" for it. The ALJ was wrong: One of Samuels' treating rheumatologists, Dr. Smith, assessed fibromyalgia to be "a major issue" and prescribed tramadol for pain in December 2009. (It's unclear in any event why receiving treatment *specifically* for fibromyalgia—a rheumatic pain disorder, *see id.* at 589–90—would be relevant when, as here, the claimant suffers from rheumatoid arthritis and receives aggressive treatment for associated pain.) In evaluating Samuels' credibility, the ALJ erred by refusing to account for the possible effects of fibromyalgia on the level of pain Samuels reported experiencing.

Second, the ALJ's errors in assessing Samuels' credibility also infected the ALJ's consideration of the opinions of the medical professionals who treated Samuels. Dr. Soloman and Physician's Assistant Lijoi, who both treated Samuels, concluded that Samuels' condition precluded her from sustaining an ordinary eight-hour workday. Even though the ALJ needed to provide only "germane

reasons" for discounting Lijoi's opinion, *see Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), the ALJ did not clear even that low bar. The ALJ rejected both opinions because they were inconsistent with the relatively benign objective indicators of rheumatoid arthritis, and because both Lijoi and Dr. Soloman based their diagnoses at least in part on Samuels' subjective complaints. But fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms," *Benecke*, 379 F.3d at 590, so reliance on Samuels' subjective complaints is not an appropriate reason to discount either opinion. Nor could the ALJ rely on the supposed inconsistency between the relatively mild objective test results and Samuels' reported level of pain. Lack of corroboratory test results is a hallmark of the disease, which may cause immense pain nonetheless. *See id.* at 589–90, 594.

Because these errors are by no means harmless, I would reverse and remand for further proceedings.