MEMORANDUM *
Gina L. Samuels appeals from the district court order affirming the Administrative Law Judge’s denial of her application for supplemental security income under the Social Security Act. We affirm.
1. The ALJ provided “specific, clear and convincing reasons” for discounting Samuels’s testimony on the “intensity, persistence, and limiting effect” of her symptoms. Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)). Samuels’s self-reported activities, the objective medical evidence, and Samuels’s failure to seek more aggressive treatment were inconsistent with Samuels’s estimation of her abilities. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (holding that applicant’s description of her childcare activities was inconsistent with her claim that her pain from fibro-myalgia prevented her from any gainful activity); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ may consider objective medical evidence as a factor “in his credibility analysis”). Though the ALJ made some errors when describing Samuels’s medical history, the errors were ultimately harmless because the ALJ’s other grounds for discounting Samuels’s testimony remained convincing. Carmickle v. Comm’r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008).
2. We reject Samuels’s claim that the ALJ improperly weighed the medical source opinions of her treating providers. Dr. Soloman, a treating physician, checked the “No” box on a check list that asked, “Can claimant perform work 8 hours a day, 5 days a week on a regular and consistent basis?” He wrote in that “pain, fatigue, and smell” impaired her ability to do so and that she could only sit for less than two hours, lift and carry less than ten pounds, and stand or walk for less than two hours. But another physician, Dr. Cunningham, who examined though did not treat Samuels, contradicted this assessment, saying that she could lift or carry twenty pounds occasionally and ten pounds *858 frequently, and stand or walk for about six hours a day, and sit with normal breaks for about six hours a day. He opined regarding her symptom reports that she was “partial[ly] credible; for instance, states is in pain, but refuses pain meds,” Since Dr. Soloman’s opinion was contradicted by Dr. Cunningham’s opinion, the ALJ could reject Dr. Soloman’s opinion if the ALJ provided “‘specific and legitimate reasons’ supported by substantial evidence in the record.” Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).
Substantial evidence supports the specific reasons that the ALJ cited for his assessment of Dr. Soloman’s opinion. Dr. Cunningham’s opinion that Samuels was capable of “medium .exertional work” was supported by his independent examination of Samuels. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (“[W]hen an examining physician provides ‘independent clinical findings that differ from the findings of the treating physician,’ such findings are ‘substantial evidence.’ ” (quoting Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985))). And Dr. Soloman’s opinion was only supported by a brief check-off form. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (“The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings”).
We also reject Samuels’s claim that the ALJ did not properly weigh Katherine Lijoi’s opinion concerning the extent of her disabilities. Because Lijoi is a nurse practitioner, and not a physician, she is not an “acceptable medical source” under 20 C.F.R. § 404.1513(a). Accordingly, the ALJ needed only germane reasons to discount her testimony. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ provided such a reason by noting that the objective medical evidence did not support Lijoi’s conclusions.
3. Samuels failed to object to the vocational expert’s testimony. Accordingly, the issue was not preserved for appeal. See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.