NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERT GILDING, JR.,

    Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant-Appellee.

No.    20-15508

D.C. No. 2:18-cv-02459-JAM-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 16, 2023[**]

Before:   D. NELSON, BERZON, and CLIFTON, Circuit Judges.

Albert Gilding, Jr., appeals the district court's affirmance of the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo the Administrative Law Judge ("ALJ")'s decision for substantial evidence and legal error. *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016). If the evidence is "susceptible to more than one rational interpretation," we are required to affirm. *Id.* (citation omitted). We affirm.

Substantial evidence supports the ALJ's decision to give "little evidentiary weight" to the opinion of Gilding's psychiatrist, Dr. Swati Rao, who treated Gilding for seven months when he lost his primary health insurance, because the ALJ offered "specific and legitimate" reasons in the record for discounting it. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ reasonably found Dr. Rao's opinion inconsistent with the medical evidence of improvement in Gilding's mental health condition, which included Dr. Rao's own subsequent finding that Gilding was "much improved" on medication.

The ALJ also properly relied on the contemporaneous opinion of consultative examiner Dr. Lenore Tate, who found Gilding considerably less impaired than Dr. Rao had. Because Dr. Tate's opinion was based on independent clinical findings, her nontreating opinion may be considered substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Miller v.*

2

*Heckler*, 770 F.2d 845, 849 (9th Cir. 1985)).

Any error in the ALJ's remaining reasons for assigning little weight to Dr. Rao's opinion was harmless because those reasons were "inconsequential to the ultimate nondisability determination" given the other rationales upon which the ALJ relied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Contrary to Gilding's claims, the ALJ's determination of Gilding's residual function capacity (RFC) was not undermined because it failed to accord completely with any of the opinions in the record. The ALJ is "responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). The ALJ's RFC "applied the proper legal standard and [was] supported by substantial evidence," such as medical opinions in the record apart from those of Dr. Rao. *Bayliss*, 427 F.3d at 1217 (citation omitted).

**AFFIRMED.**